# WHEELING.

QUAKER CITY NAT'L BANK *v.* SHOWACRE.

Submitted June 4, 1885.—Decided June 27, 1885.

1. Where a plea or replication is allowed by the court and the record shows that the opposite party objected to the filing of the same, and that his objection was overruled, such party may have the question raised by such objection reviewed by the appellate court,

although he did not except to the action of the court overruling such objection.  (p. 50.)

2. A defendant files a plea under the provisions of the fifth section of chapter one hundred and twenty-six of the Code, and the plaintiff files a special replication thereto, in which he alleges facts, which if true would entitle him to a verdict; the defendant rejoins generally ; a trial is had on this issue and a verdict is found for the plaintiff.  HELD :

> That although said chapter of the Code provides, that every issue of fact upon such plea shall be upon a general replication, yet if the defendant could not have been prejudiced by the allowance of said special replication, this Court will not reverse the judgment on the ground that it was improperly allowed.  (p. 51.)

3. A note is dated at a specified place, which is stated on its face, and is drawn in a form which makes it at such place a negotiable instrument.  HELD :

> The maker, when sued on such note by an innocent holder for value, will not be permitted to aver or prove such note was not in fact made at the place it purports on its face to have been made.  (p. 52.)

4. A paper purporting to be a bill of exceptions and copied into the record as such will not be regarded or treated by the appellate court as a part of the record, unless the record shows that it was, by some order or memorandum entered on the order-book of the trial-court, made a part of the record.  (p. 53.)

The facts of the case are fully stated in the opinion of the Court.

*McConnel & Meighen* for plaintiff in error.

*J. L. Parkinson* for defendant in error.

SNYDER, JUDGE :

Writ of error to the judgment of the circuit court of Marshal county in an action of debt brought by the Quaker City National Bank against W. H. Showacre.   The action is on a note for $500.00, which the declaration avers was made by the defendant at Bellaire in the State of Ohio, payable to the order of John Cree twelve months after date, and that before its maturity the same was endorsed to the plaintiff for value.

The defendant against the objection of the plaintiff was allowed to file several pleas under the statute alleging that the note was executed by him in the county of Marshall in this State and setting up as defences that the execution of the note was procured by fraud and that the consideration had wholly failed, &c. To these pleas the plaintiff tendered a special replication avering therein that the note upon its face shows that it was made and dated at Bellaire in the State of Ohio, that by the laws of that State it is a negotiable instrument and as such was, before its maturity, endorsed to plaintiff for value without notice of any defect or that it was not in fact made in Ohio as it purported on its face; and that, therefore, the defendant is estopped to set up the defences alleged in his said pleas. The defendant objected to the filing of this replication, but the court permitted the same to be filed and the defendant rejoined generally thereto. A trial was had by jury and a verdict and judgment for the plaintiff, and the defendant obtained this writ of error.

It is alleged here that the court erred in overruling the defendant's objection to the filing of the said special replication. The plaintiff, however, insists that the defendant can not allege this as error in this Court, because he failed to except to the ruling in the court below.

It has been expressly decided by this Court, that a party may take advantage in the appellate court of an error committed by the trial-court in permitting a plea to be filed where the record shows that such party objected to the filing of such plea in the trial-court, and that he need not in such case take a bill of exceptions or except to the action of the court overruling his objection. *Bank* v. *Kimberlands*, 16 W. Va. 557; *Perry* v. *Horn*, 22 *Id.* 381.

This rule is equally applicable to the filing of a replication. In this case the defendant did object to the filing of the replication and he is, therefore, entitled to have the action of the trial-court as to that ruling reviewed by this Court.

The first objection is, that under the statute it was error to permit any special replication to be filed to said pleas. The pleas as before stated, set up defences allowed under the one hundred and twenty sixth chapter of the Code; and the sixth section of said chapter provides, that every issue of fact upon

such pleas "shall be upon a general replication that the plea is not true and the plaintiff may give in evidence, on such issue, any matter which could be given in evidence under a special replication, if such replication were allowed." Code, p. 609.

In *Douglass* v. *Central Land Co.*, 12 W. Va. 502, this Court decided that, "Though an issue be not made up on a special plea, yet if the evidence to sustain it was admissible under the general issue, and *non assumpsit* had been pleaded, the Court ought not to reverse a judgment on a verdict for such irregularity when all the evidence is certified and sustains the verdict. Upon such pleadings, though all the evidence had not been certified, yet if the plea be such that the *plaintiff could reply no special matter* without a departure from the allegations of his declaration, but *could only take issue on the pleas*, the non-joinder will be cured by the statute of jeofails after verdict." See also *Bank* v. *Kimberlands*, 16 W. Va. 555; *Huffman* v. *Alderson*, 9 *Id.* 616.

The special replication filed in this case did not put in issue any facts alleged in the pleas of the defendant, but it averred matter of estoppel, and it is not, therefore, certain that the statute was intended to preclude such a replication. But assuming that such was the effect of the statute, then this Court must regard the replication as a nullity and treat the case as though it had not been filed. The case would then show that a trial was had without any issue on pleas to which the plaintiff could reply no special matter, but could take issue only by a general replication. In this view, under the authorities above cited, this Court would not reverse the judgment if it appears from the record that the plaintiff in error was not prejudiced by such irregularity.

The statute declares, that the plaintiff may give in evidence on an issue made by general replication to the plea any matter which could be given in evidence under a special replication. The plaintiff then, without said special replication, could have proved the very matters alleged therein, and as the jury found for the plaintiff we must presume that the facts alleged in the special replication were proved before the jury; and, consequently, if the facts so alleged would entitle the plaintiff to a verdict and judgment, it is apparent from the record that the defendant was not prejudiced by said replica-

tion and this Court ought not to reverse the judgment. This brings us to the enquiry whether or not the matters alleged in the replication if proved on the trial, as we must presume they were, would authorize a verdict for the plaintiff?

It appears to be the settled law, that an inland bill which, upon its face, shows a foreign place and date as the place it was made, will as to innocent third parties be held to be a foreign bill. Thus for instance, for some reason, a Boston merchant, temporarily in New York, draws his bill on a New York merchant, payable in New York, but dates it at Boston ; such bill would be held to be foreign in relation to innocent third parties who became interested in it in the belief that it was what it purported to be. *Lenning* v. *Ralston*, 23 Pa. St. 137 ; 1 Pars. on B. & N. 57; 1 Dan. on Neg. Inst. 869.

As a general rule, commercial law applies the same construction to all negotiable instruments, and it is always careful to protect the rights of innocent holders of such instruments. Upon principle there can be no distinction in such matters between bills and notes. In either case the innocent holder has the right to presume that the drawer or maker intended to produce all the consequences to which his acts naturally and necessarily tend. In the case at bar the defendant advertised upon the face of the note that it was made at Bellaire in the State of Ohio. In that State a note, such as described in the pleadings, is a negotiable instrument as we judicially know and as we are bound to presume the defendant knew at the time he signed it. The necessary and natural inference, therefore, is that the defendant, by signing and putting in circulation such note, intended that purchasers of it should receive it under the belief that it was made at the place stated thereon and that it was a negotiable note. The question, then, is whether the defendant shall be compelled to perform his contract in the sense in which he intended the opposite party should understand it, or in the sense contemplated only by himself, and entirely excluded by the face of the instrument. All writers of authority on questions of morals agree that promises are binding in the sense in which the promissors intended at the time that the promisees should receive them. There can be no plainer principle of equity than that which requires every one to speak the truth, if he choose to

speak at all, in matters which affect the interests of others. He that knowingly misrepresents a fact for the purpose of inducing another to part with his money or goods is held to his representation in favor of a party who confided in it. It is upon this principle that the maker of a negotiable instrument is not allowed to impair its value in the hands of a *bona fide* holder, by denying the existence of a consideration, or by otherwise showing that it is not what it purports to be. By reason of the fact that the note in this case showed on its face that it was dated in the state of Ohio, where by law it was a negotiable instrument, it gained a value and currency which it could not otherwise have received. I think, therefore, both in law and morals the defendant is precluded from averring or proving that said note was not in fact made as it purports in the state of Ohio. He by his act gave it credit as an Ohio note, by the laws of which state it is negotiable, and he was not, therefore, in law prejudiced by having it so regarded on the trial in this case. There was, consequently, no error committed to his prejudice by reason of the fact that said special replication was permitted to be filed, certainly no error for which this Court ought to reverse the judgment against him.

The plaintiff having acquired the note before its maturity for value, without knowledge of any facts which might impeach its validity between antecedent parties, held it by a good title unaffected by such facts. *Bank* v. *Johns*, 22 W. Va. 520; *Johnson* v. *Way*, 27 Ohio St. 374.

Several other errors were assigned by the plaintiff in error and argued in this Court, but each of them is based on bills of exception, which are not by any order or memorandum of the court below made parts of the record. It is too well settled to require any argument or citation of authorities, that unless that which purports to be a bill of exceptions and copied into the record as such, is by some order or memorandum of the trial-court entered on the order-book, made a part of the record, this Court can not regard it or treat it as a part of the record in the case, but will wholly disregard it.

For the reasons aforesaid, I am of opinion that the judgment of the circuit court should be affirmed.

AFFIRMED.