# CHARLESTOWN.

## Winters v. Null.

Submitted June 22, 1888.—Decided Sept. 15, 1888.

1. RECORD—APPEAL—EXCEPTIONS, BILL OF.

A paper purporting to be a bill of exceptions, and copied into the record as such, will not be regarded or treated by the appellate court as a part of the record, unless the record shows that it was by some order or memorandum entered on the order-book of the trial-court made a part of the record.

2. RECORD—INSTRUCTIONS.

Instructions copied into the record, when there is no bill of exceptions or order of the court referring to them, will not be regarded as any part of the record.

*W. W. Arnett* for plaintiff in error.

*J. B. McLure and Ewing, Melvin and Riley* for defendant in error.

JOHNSON, PRESIDENT:

This was an action of trespass on the case for malicious prosecution brought in July, 1886, in the Circuit Court of Marshall county. The defendants pleaded not guilty; and the issue was tried by a jury; and on the 30th day of October, 1886, a verdict was rendered for the defendants.

Two bills of exceptions are copied into the record, the first

to the refusal of the court to permit the plaintiffs to prove certain facts. After a number of witnesses, who had been examined by the defendants, had testified to the bad character of the female plaintiff for honesty, they were asked on cross-examination, what had been said about the female plaintiff, which was the basis of her reputation ; and the cross-examination elicited the fact, that it had been charged against the female plaintiff, that she had stolen articles from various persons ; and the plaintiffs then asked to be permitted to put those persons, from whom it had been alleged the female plaintiff had stolen, on the stand, and prove that the charge was, in fact, false ; which evidence the court refused to permit to be introduced ; and the plaintiffs excepted. The second bill of exceptions was to the refusal to set aside the verdict and grant a new trial. The motion for a new trial was based on the ground that the verdict was contrary to the law and evidence, because of the exclusion of evidence, and because of misdirection to the jury. Instructions were copied into the record, but it does not appear whether they were given or refused. To this judgment a writ of error was granted.

The first error assigned is that the court refused to allow the plaintiffs below to introduce evidence tending to show that the female plaintiff was not guilty of stealing the articles, which witnesses, who had testified to her bad reputation, had heard that she had stolen. It seems that the rumor, that she had stolen certain things, was the basis of her bad reputation. It certainly would have been a violation of the rules of evidence to have admitted such evidence. 1 Greenl. Ev. § 461. It was well said by the court in *State* v. *Woodworth*, 65 Iowa 141, 21 N. W. Rep. 490, " if the defendant" (here the plaintiffs) " could have been allowed to show, by cross-examination, the foundation of the bad reports, and then, by evidence in chief, show that he was not guilty of what he had been suspected, the State should have come prepared to rebut the evidence in chief; and, under such a rule, any trial might take the form of an indefinite number of criminal accusations and defences of witnesses. It was the defendant's right, by cross-examination, to limit and define the character of the bad reports against him, and by evidence

in chief to directly rebut the State's evidence. This he did do, and with this we think he should have been content."

Here the question was raised whether the general reputation of the female plaintiff as a peaceable and law-abiding citizen was good or bad. The plaintiff, in cross-examination of the witnesses against her on that issue, had a right to test their accuracy, and to find out, if she could, on what those who spoke against her reputation based that reputation; and it might have been thus shown that her reputation was not in fact bad. And she could also introduce evidence in rebuttal to show that her reputation was good. But it would not do to ascertain, on cross-examination, on what charges against her the bad reputation was founded, and then introduce evidence in chief to prove the charges were false, as such a rule might raise interminable collateral issues, and the end of litigation could never be reached.

It is also insisted that the court erred in refusing to permit the female plaintiff to offer evidence on the trial that she was not the party referred to as having stolen the articles charged. It is not necessary here to decide whether under the circumstances of the case as disclosed by the record, the female plaintiff could have been permitted to prove that she was not the woman whom the neighbors had heard was guilty of theft, and thus to show that her bad reputation was founded entirely in mistake, because the record fails to disclose the fact that any such evidence was offered.

I have considered the bill of exceptions raising the question we have just decided, although it is insisted that that bill of exceptions is no part of the record. It has been frequently decided that a paper purporting to be a bill of exceptions, and copied into the record as such, will not be regarded or treated by the appellate court as a part of the record, unless the record shows that it was, by some order or memorandum entered on the order-book of the trial court, made a part of the record. *Bank* v. *Showacre*, 26 W. Va. 48. The only order in the record with regard to saving any exceptions is as follows: "MEM.—The plaintiffs excepted to the ruling of the court refusing to set aside the verdict herein and grant a new trial, and tendered his bill of exceptions, and asked that it be signed, sealed, and made a part of the rec-

ord, which is done accordingly." So it is clear that the bill of exceptions as to the failure to admit evidence is no part of the record; but, as I have before said, even if it were, it contains nothing to the prejudice of the plaintiffs in error.

We will consider the bill of exceptions, which is a part of the record, as to the refusal to set aside the verdict and grant a new trial. The grounds, as set out in the bill on which the motion was based, are: *First.* That the verdict is contrary to law and the evidence. It is not perceived what principle of law had been violated; and the evidence is not in the record; *second*, because of misdirection and erroneous instructions by the court. A number of instructions are copied into the record, but they are clearly no part thereof; and, if they were, there is nothing to show whether they were given or refused. Therefore it does not appear that the court misdirected or improperly instructed the jury.

The last ground is that the court refused to admit certain evidence. As we have seen, the record fails to show that any evidence was improperly refused to be admitted, for the bill of exceptions raising that question is no part of the record.

There is no error in the judgment, and it is affirmed.

AFFIRMED.