# CHARLESTON.

## GRIFFITH *et al. v.* CORROTHERS.

Submitted February 1, 1896—Decided April 4, 1896.

1. BILLS OF EXCEPTION—CERTIFICATE OF JUDGE—RECORD.
   Where a judgment is rendered in a case, and the court allows thirty days under the statute to make up and obtain from the judge, in vacation, bills of exception, such bills of exception, when signed by the judge, must be certified to the clerk of the court, who must enter them upon the order book of such court before they become a part of the record in the case.

2. ERROR—BURDEN OF SHOWING ERROR.
   A plaintiff in error assumes upon himself the burden of showing error in the judgment complained of.

3. REVERSAL—ERROR—PRESUMPTION AGAINST ERROR.
   An appellate court will not reverse the judgment of an inferior court unless error affirmatively appears upon the face of the record; and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment.

R. L. BERKSHIRE and COX & BAKER for plaintiff in error, cited 1 Munf. 162; 6 Munf. 25; 14 Gratt. 526.

OKEY JOHNSON and L. V. KECK for defendants in error, cited 10 W. Va. 115; 16 W. Va. 522, 687, 778; 26 W. Va. 49, 710; 25 W. Va. 108; 31 W. Va. 230, 450; Code c. 131, s. 7; 10 Gratt. 421; 12 Gratt. 462.

ENGLISH, JUDGE:

This was an action of ejectment instituted in the Circuit Court of Monongalia county, by Romulus R. Griffith, Jr., Mary E. Corkson, and Fenwick M. Corkson, her husband, against John W. Corrothers, to recover a tract of land containing one thousand four hundred acres, more or less.

On the 18th day of June, 1887, the defendant pleaded not guilty, and issue was thereon joined, an order of survey was directed, and a report of the surveyor returned in pur-

suance thereof. On the 22d day of October, 1890, it appearing that the case was one in which the judge of the court could not properly preside, Joseph Moreland, an attorney practicing in the court, was elected special judge to preside at the trial of the cause, who took the oath prescribed by law, and the trial proceeded. On the 1st day of November, 1890, the defendant demurred to the plaintiffs' declaration, and each count thereof, in which demurrer the plaintiffs joined, and said demurrer was overruled by the court. The case was then submitted to a jury on the 20th day of June, 1894, which resulted in a verdict for the plaintiffs; and the defendant, by his attorney, moved the court to set aside the verdict of the jury aforesaid, on the ground that it was contrary to the law and the evidence in the case, which motion the court overruled; and the defendant, by his attorney, excepted, and judgment was thereupon rendered upon said verdict, and thirty days' leave was given from the date of the judgment in which to take bills of exception.

The last clause of section 9 of chapter 131 of the Code provides that the court may, in vacation, within thirty days after the adjournment of the term, make up and sign any bill of exceptions, and certify the same to the clerk of the court, who shall enter it upon the order book of such court, and any such exceptions so made in vacation shall be a part of the record, and have the same effect as if made in term time. We find six several bills of exceptions, signed by Joseph Moreland, copied into the record; but it does not appear when they were so signed. They were not taken during the trial, because there is no order showing that such bills of exception were taken during the trial, but, on the contrary, the record shows that thirty days' leave was given the defendant from the date of the judgment in which to take bills of exception; but it does not appear that either of these bills of exception, when signed by the judge, were certified to the clerk, as required by the statute, or that the clerk entered them upon the order book of such court; and, unless so certified and entered, they do not become part of the record, because the statute, after directing that they shall be certiffed to the clerk, and entered by him upon the

order book of such court, further provides that any such exceptions so made in vacation shall be a part of the record, and have the same effect as if made in term time; and, in the absence of the certificate to the clerk and the action of the clerk in entering them upon the order book, they do not become a part of the record.

It is assigned as error that the court overruled the defendant's motion to set aside the verdict, and grant him a new trial; also, that the court erred in admitting as evidence each of the paper writings mentioned in petititioner's sev-. eral bills of exceptions. But how can we review the action of the court upon matter contained in the bills of exception when they are not made part of the record, or in any manner noticed upon the order book? In the case of *Bank* v. *Showacre*, 26 W. Va. 49, this Court held (point 4 of syllabus) that "a paper purporting to be a bill of exceptions, and copied into the record as such, will not be regarded and treated by the appellate court as a part of the record, unless the record shows it was, by some order or memorandum entered on the order book of the trial court, made a part of the record." And in the case of *Phelps* v. *Smith*, 16 W. Va. 522 (first point of syllabus) it was held "that where the record does not show that the bill of exceptions had been made a part of the record by order of the court below, the appellate court will not consider it a part of the record, and will not look to it for any purpose upon writ of error." Again, in the case of *Winters* v. *Null*, 31 W. Va. 450 (7 S. E. 443) it was held that a paper purporting to be a bill of exceptions, copied into the record as such, will not be regarded or treated by the appellate court as a part of the record unless the record shows that it was by some order or memorandum entered on the order book of the trial court, and made part of the record. On this point, see, also, *Pegram* v. *Stortz*, 31 W. Va. 230 (6 S. E. 485). The clerk, in making out the record in this case, says: "The six several bills of exceptions filed by the defendant on July 21, 1894, and marked, respectively, 1, 2, 3, 4, 5, and 6, are now here copied, as follows, to wit." But it does not appear in any part of the record that said bills of exception were certified to the clerk, as the statute requires, or that such certificate was ever entered upon the order book by the clerk.

The plaintiff in error, in obtaining this writ of error, took upon himself the burden of showing that the judgment of the court was erroneous. The judgment must be presumed to be right, and the presumption continues until error is shown affirmatively. So, in the case of *Shrewsberry* v. *Miller*, 10 W. Va. 115, this Court held (point 2 of syllabus) that "an appellate court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record; and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment." See, also, on this point, *Richardson* v. *Donahoo*, 16 W. Va. 687 (fourteenth point of syllabus). It is true that immediately following bill of exception No. 6, as it is copied in the record, these words appear: "And the court certifies the evidence introduced on said trial, as follows: Joseph Moreland." But the only thing that follows that statement is the suspending bond and the bond for costs.

In the absence, then, of any bill of exceptions certifying the evidence, or raising any questions as to the ruling of the court during the trial, there is nothing in the record showing what was proved at the trial, or what the rulings of the court were; and we can not say whether the court committed an error or not in overruling petitioner's motion to set aside the verdict, and grant him a new trial, or in admitting the documentary evidence offered in evidence during the trial.

Acting on the principle that the judgment renderad in the case is presumed to be correct, the same must be affirmed, with costs and damages.