# CHARLESTON.

## CRAFT v. MANN.

Submitted January 25, 1899—Decided April 22, 1899.

1. WRIT OF ERROR—*Evidence—Record—Dismissal.*

    A writ of error to a judgment of the circuit court for alleged errors involving the evidence alone, and which is not certified or in any manner made part of the record, will be dismissed, as improvidently awarded. (p. 479).

2. BILLS OF EXCEPTION—*Order Book—Record.*

    Where a judgment is rendered in a case, and the court allows twenty days, under the statute, to make up and obtain from the judge-in vacation bills of exception, such bills of exception, when signed by the judge, must be certified to the clerk of the court, who must enter them upon the order book of such court before they become a part of the record of the case. *Griffith v. Corrothers,* 42 W. Va. 59. .(p. 479).

Error to Circuit Court, Greenbrier County.

Action by G. W. Craft against Matthew Mann. Judgment for plaintiff. Defendant brings error.

                                         *Dismissed.*

JOHN A. PRESTON, for plaintiff in error.

J. W. ARBUCKLE and JOHN OSBORNE, for defendant in error.

DENT, PRESIDENT:

On the 2d day of August, 1897, Matthew Mann obtained a writ of error from one of the judges of this Court to a judgment of the circuit court of Greenbrier County in an action at law wherein G. W. Craft was plaintiff and said Matthew Mann was defendant. The petition shows only two grounds of error relied upon, to wit: (1) The verdict was contrary to the law and evidence. (2) The verdict was excessive. Both these were wholly dependent on the evidence. An examination of the record shows that the evidence was never properly certified or made a part of the record. There is a bill of exceptions copied into the record, but there is no order of the court or clerk filing the same, or making it a part of the record. The final order of the court gave the defendant twenty days in which to prepare a bill of exceptions, but this he apparently failed to do. There is, therefore, nothing in the record to enable this Court to review the grounds of error assigned. *Griffifth* v. *Corrothers*, 42 W. Va. 59, (24 S. E. 569). Hence the writ of error must be dismissed, as improvidently awarded.

*Dismissed.*