# CHARLESTON.

KOONTZ v. KOONTZ, *et al.*

Submitted June 8, 1899—Decided Nov. 18, 1899.

1. DEMURRER—*Pleading and Practice.*
    When a demurrer to a declaration is overruled, and the order overruling it shows the fact that nothing was alleged by the demurrant in favor of his demurrer, and final judgment is obtained by the plaintiff in the case, the judgment will not be reversed by reason of any defect in the declaration. (p. 33.)

2. RECORD—*Bill of Exceptions.*
    A paper purporting to be a bill of exceptions and copied into the record as such, will not be regarded or treated by the appellate Court as a part of the record, unless the record shows that it was by some order or memorandum entered on the order book of the trial court, made a part of the record. (p. 34.)

Error to circuit court, Marshall County.

Action by Elizabeth Koontz against E. W. Koontz and T. M. Powell. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

ROBERT WHITE, for plaintiffs in error.

J. HOWARD HOLT, for defendant in error.

MCWHORTER, JUDGE:

Elizabeth Koontz, administratrix of William Koontz, deceased, brought her action of assumpsit in the circuit court

of Marshall County against E. W. Koontz and T. M. Powell, laying her damages at four thousand dollars. At the March term, 1897, defendants appeared, and demurred to the plaintiff's declaration, and the record shows that, no cause being assigned therefore, the demurrer was overruled by the court. The defendants then filed in writing the plea of payment, to which plea plaintiff replied generally, and a jury was duly impaneled to try the issue, and on the 26th day of March the jury returned a verdict for the plaintiff, and assessed her damages at two thousand seven hundred and eighty-seven dollars and seventy-nine cents. The defendants moved the court to set aside the verdict of the jury and grant them a new trial. On the 7th day of April, the defendants filed, in support of their said motion, the affidavits of J. K. P. Barker, E. W. Koontz, T. M. Powell, and H. W. Hunter, and on the 10th day of April, 1897, the court heard the arguments of counsel on said motion, and overruled the same, to which ruling of the court the defendants objected and excepted, and the court rendered judgment upon said verdict; and this is all that appears from the record. There is, however, copied with the record, and immediately following the said judgment entered on the verdict, a paper which purports to be a bill of exceptions on behalf of the defendants, signed by O. L. Holliday, special judge, but there is no memorandum or reference to the paper on the record recognizing it, or filing it, or making it a part of the record in the case. There is no entry on the record book in reference to any bill of exceptions, or to any bill of exceptions being prepared, or signed, or asked for; and, under the uniform rulings of this Court for many years, said paper cannot be considered in the hearing of the case in this Court. In *Phelps* v. *Smith*, 16 W. Va. 522 (Syl., point 1), it is held: "When the record does not show that a bill of exceptions had been taken, and made a part of the record by order of the court below, the appellate court will not consider it a part of the record, and will not look to it for any purpose upon writ of error." And in *Bank* v. *Showacre*, 26 W. Va. 48 (Syl., point 4): "A paper purporting to be a bill of exceptions, and copied into the record as such, will not be regarded or treated by the appellate court as a part of the record unless the record shows that it was, by some order or memorandum,

entered on the order book of the trial court, made a part of
the record." In *Sweeney* v. *Baker*, 13 W. Va. 158, there
was copied by the clerk into the record a certificate signed
by the judge, stating that a demurrer to the declaration
had been filed, and overruled by the court, but that the
clerk had not entered the filing of the demurrer on the rec-
ord, and it was held that the certificate of the judge was no
part of the record. See, also, *Ramsburg* v. *Erb*, 16 W. Va.
787; *Hilleary* v. *Thompson*, 11 W. Va. 113; *Park* v. *Petro-
leum,*Co., 25 W. Va. 108; *Handy* v. *Scott*, 26 W. Va. 710; *Pe-
gram* v. *Stortz*, 31 W. Va. 220, (6 S. E. 485;) *Winters* v.
*Null*, 31 W. Va. 450, (7 S. E. 443). The defendants ap-
plied for and procured a writ of error, assigning numerous
errors, all based upon the rulings complained of and the
evidence in the case, which should have been brought here
by bill of exceptions; but, that not having been done, this
Court is unable to see whether error was committed to the
prejudice of defendants or not on the errors assigned.
There is nothing before this Court in support of the mo-
tion for a new trial except the four affidavits filed, and, in
the absence of the proceedings and evidence in the case,
it is impossible to see whether they are merely cumulative,
or what weight should be given them on the hearing of the
motion.

The demurrer to the declaration was overruled by the
court, the court stating in the order overruling the demur-
rer the fact that nothing was alleged by the demurrants in
support of their demurrer; and it does not appear from the
record that the defendants objected or excepted
to the rulings of the court in overruling the demur-
rer, but immediately filed their plea of payment, and en-
tered upon the trial of the issue thus made; and in their pe-
tition for writ of error it is not assigned as error. Yet
plaintiffs in error, in their brief, insist upon it as error for
which the judgment should be reversed. Section 29, chap-
ter 125, Code, in the first clause provides that: "On a de-
murrer (unless it be to a plea in abatement,) the court shall
not regard any defect or imperfection in the declaration or
pleadings, whether it has heretofore been deemed mis-
pleading or insufficient pleading or not, unless there be
omitted something so essential to the action or defense that
judgment according to law, and the very right of the cause

cannot be given." This is intended to direct the court in deciding a demurrer when defects or imperfections in the pleadings are pointed out by the demurrant, and means that a demurrer shall not be sustained on merely technical grounds, or mere want of form; and the last clause of said section provides that: "If nothing be alleged by the demurrant in support of his demurrer, the court, if it overrules the same, shall state that fact in the order, and, if final judgment be obtained in the cause by the party whose pleading is demurred to, the same shall not be reversed by reason of any defect in the pleading so demurred to." The question of demurrer is not before this Court on objection or exception, and the plain and unmistakable language of the statute is that, in case the fact is stated in the order that nothing was alleged in support of the demurrer, and the same was overruled, and final judgment, obtained in the cause by the party whose pleading is demurred to, the judgment should not be reversed by reason of any defect in the pleading so demurred to. A pleading, when presented, is presumed to be sufficient, and it is the duty of a demurrant, if he thinks it insufficient, and desires to take advantage of it, at least to call the attention of the court to the defects or imperfections in such pleading; and, unless he does so, the court is authorized, under the statute, to make such failure to appear upon the record, and when it is made to so appear the action of the court in overruling the demurrer is conclusive as to him. The judgment of the circuit court complained of is affirmed.

*Affirmed.*