# CHARLESTON.

WELLS *et al. v.* SMITH *et al.*

Decided March 9, 1901.

1. BILL OF EXCEPTIONS—*Record of.*

    A bill of exceptions executed in the term must be noted in the record not later than the term of judgment. If in vacation, it must be executed and certified as executed, and ordered to be made a part of the record by the judge within thirty days after

the end of the term of final judgment, and the certificate must be recorded in the law-order book, though such recordation need not be within the thirty days; otherwise, the bill will not be treated as part of the record. (p. 80).

2. COURT RECORD—*Altered and Restored.*
    If a record of a circuit court has been altered, it can be restored to its original state only in that court, and not by the supreme court on writ of error or appeal; though, when so restored in the circuit court, and certified to the supreme court, it will be there treated as in its true and restored state. But where a bill of exceptions or memorandum of such bill, or any document, is inserted in a transcript of the record, which is no part of that record, that fact may be shown in the supreme court, and it will be treated as no part of the record. (p. 82).

3. JURY—*Sufficiency of Oath—Presumption.*
    An oath to a jury in a civil case "the truth to speak upon the issue joined in this case," is sufficient, though it omit the words "according to the evidence." Were it not alone sufficient, a statement in the record that the jury was so sworn would not imply that such was the full oath actually administered, but would be taken simply as stating that the jury was sworn, and the presumption would be that it was accurately sworn. (pp. 82, 83).

4. VERDICT—*Oath of Jury—Objection.*
    It is too late after verdict to object to the mere form of the oath to the jury. Objection must be made at the time of its administration. (p. 84).

Error to Circuit Court, Wetzel County.

Action by Charles E. Wells and others against H. L. Smith and others. Judgment for plaintiffs against Smith, and action dismissed as to other defendants. Smith brings error.

*Affimed.*

J. V. BLAIR and WILEY & KEIFER, for plaintiff in error.

A. B. FLEMING, T. P. JACOBS, U. N. ARNETT, JR., and R. F. FLEMING, for defendants in error.

BRANNON, PRESIDENT:

This is an action of ejectment in the circuit court of Wetzel County by Charles E. Wells and others against H. L. Smith and others, but dismissed as to the other defendants. It resulted in a verdict and judgment for the plaintiffs.

Smith, by his writ of error, would have us review the case upon

error in the refusal of a new trial on the ground that the verdict is contrary to the evidence, and because of admission of improper evidence, and the giving and refusal of instructions; but the plaintiffs say that this cannot be done for the reason that we have before us no bills of exception that are part of the record, to present these matters, there being no record entry of such bills. The copy from the law order book shows the verdict, motions in arrest of judgment and for a new trial overruled, then judgment, and then it states that the defendant excepted to the action of the court on those motions, "and moves the court to certify the evidence and sign bills of exceptions, and time is taken to do the same." Then follows a memorandum giving ninety days suspension of the judgment to allow the defendant to apply for a writ of error. Here the entry closes, without mention of any bill of exceptions having been executed, but, to the reverse, it is distinctly stated in the order of that day that the execution of bills of exceptions was postponed. Just after this entry in the record we find the following: "The following is a copy of the bill of exceptions referred to in the foregoing order: *Chas. E. Wells et al.* v. *H. L. Smith et al.*—In ejectment. Memorandum.—During the trial of this action the defendant took divers exceptions to the rulings of the court, which are contained in bills of exceptions which they tendered and asked the court to sign, seal and enroll, which is accordingly done and made part of the record in this case, and which for indentification are marked bills of exceptions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, and, are hereinafter set forth as follows:"

Then follow bills of exceptions. Of course, if this memorandum were part of the record, it would save the bill; but it is not. Take the order itself, without reference to the affidavits below mentioned, and it shows that this memorandum is no part of it, for several reasons. The order of that day expressly defers the execution of the bills of exceptions, and it is utterly unreasonable to say that the 22 bills, of great volume, were nevertheless finished that day. The term closed that day. This memorandum, if an entry in the order book, must be of that date; it so purports. Again, the memorandum cannot purport to be a part of the entry of that day, or in the case, because of the heading, "The following is a copy of the bill of exceptions referred to in the foregoing order." That heading would not be in the order

book. That book would simply contain the memorandum. The memorandum would not be a part of the bill of exception. The whole appearance of the record shows that this memorandum is not a part of the entry of that day, or in the case at all. It is too irregular to be so considered, viewing the record alone. But this is conclusive when we consider the affidavits of the clerk of the circuit court and his deputy. The clerk certifies and states that the law order book contains in the case no order of record attesting or ordering any bills of exception to be made part of the record, and that the judge never in vacation certified or transmitted to him or his office any order to be entered of record making said bills part of the record. The deputy clerk states that he copied the record for the writ of error, and that there is no order, either of the court in term or judge in vacation, attesting the execution of said so-called bills of exception appearing in the printed record; that the bills were lodged with the papers, and by said deputy copied in the manuscript copy prepared to obtain a writ of error only because they were among the papers, and not because attested by the judge or an order of court, and that the record shows no such order, and that the said memorandum shown above and its heading are simply a caption to the bills of exception, and that he copied them because they appear as a caption to the bills of exceptions, and that no order of court or the judge was ever made or certified making the bills a part of the record. There is no order of the judge in vacation certifying the bills. This is absolutely essential. His certificate in vacation takes the place of a record entry in term, and it has been always held that such record entry in term is indispensible. The certificate and order of the judge must be made and recorded. *Craft* v. *Mann,* 46 W. Va. 478; *Ketterman* v. *Railroad Co.,* (decided December, 1900). If the bill is executed in term, the law order book must show the execution of the bill, else it is no part of the record. *Koontz* v. *Koontz,* 47 W. Va. 31; *Furbee* v. *Shay,* 46 *Id.* 736; *Bank* v. *Showacre,* 26 *Id.* 48; *Wickes* v. *B. & O. R. Co.,* 14 *Id.* 157. The case of *Hughes* v. *Frum,* 41 W. Va. 445, has no relevancy to the case. It merely held that where instructions were mentioned in the court order by an ear-mark sufficient to identify them, though not part of a bill of exceptions, it was sufficient to allow consideration of the instructions, because they were noted sufficiently in the record; but the present case is one where there is a total want of a record note of the execution of

bills of exceptions. So, as there is no record of these bills, we cannot review the case as to a new trial, or as to evidence, or as to instructions, and there appearing no evidence in these respects, we must in these respects take the action of the circuit court to be right. *Craft* v. *Mann,* 46 W. Va. 478; *Jordan* v. *Jordan,* (December, 1900).

We must not be regarded as allowing the finality of the record to be impeached by evidence outside of it. That cannot be done; but that is not done here. It is competent always to show, not that a record that is a record is false, but that an entry is, in fact, no record. *State* v. *Vest,* 21 W. Va. 796; *Herring* v. *Lee,* 22 *Id.* 661; *Despard* v. *County,* 23 *Id.* 318. It must not be thought that it is necessary to have the circuit court first amend its record before we can ignore the bills of exceptions. Where a record has been unauthorizedly interlined, erased or changed, it is the right of a party interested in it to have the record restored to its original, true condition by the court making the record, and an appellate court, though a writ of error in the case is before it, cannot restore the record, or regard it in its true original state, as the appellate court can only take the record as it appeared when the writ of error was granted. This is shown in *Lumber Company* v. *Brooks,* 46 W. Va. 732; *State* v. *Vest.* 21 *Id.* 803. Those cases show that where the court below has so restored the record, and as restored it is certified to the appellate court, the record will there be treated as in its restored state. But that principle does not apply in this case. There is no change at all by interpolation or otherwise in the record of the circuit court, and no restoration is there necessary or proper. Upon their motion in this Court to restore the record, ignore the bill of exceptions, and affirm the judgment, the defendants in error by those affidavits show only what the true transcript is, what part of it is no part of the record of the circuit court. It is abundantly settled that if a bill of exceptions or other document is by the clerk inserted in the transcript as a part of the record, when it is not, that fact may be shown and the document disregarded in this Court. See JUDGE MCWHORTER's opinion in *Koontz* v. *Koontz,* 47 W. Va. 31, and Elliott, Appel. Procedure, s. 139.

The defendant complains of the overruling a motion in arrest of judgment. The ground for this motion is that the oath of the jury was not such as the law requires. The record says that a jury came "who were the duly tried and sworn the truth to speak

upon the issue joined in this case;" whereas, it should have been sworn, "You shall well and truly try the issue joined between Charles E. Wells and others, plaintiffs, against H. L. Smith, defendant, and a true verdict give according to the evidence." The oath to try the issue joined is good in civil cases. It is the oath given as proper in that excellent work of late date, Encyclopædia of Pleading and Practice, Vol. 12, p. 516. What does the oath in this case lack? Only the injunction to try the issue and render a verdict according to the evidence. Of course, the omission to enjoin the jury to render a verdict is immaterial, and as to the omission òf the oath to enjoin the jury to render a verdict according to the evidence, that is immaterial, since the law requires a jury to pass on the evidence, to respond to facts shown by the evidence. By what else could the jury try the case? It is necessarily to be understood, in a legal point of view, that the trial must be by evidence. Even in a felony case the entry would be sufficient. In *Lawrence's Case,* 30 Grat. 845, the order book showed that the jury "were sworn the truth of and upon the premises to speak," and it was held good. The court said that while the oath in felony cases, "You shall well and truly try and true deliverance make between the commonwealth and the prisoner at the bar, whom you shall have in charge, and a true verdict give according to the evidence. So help you God,"—is the correct oath, still no law prescribed it, common or statute, and one of the same import would be sufficient, and that it was not necessary that the full form of the oath should be literally inserted in the record, but it would be sufficient that it should therein simply appear that the jury was duly sworn according to law. The court said that the statement of the record as to the oath was obviously not the form of oath actually administered, but was, merely intended to state the fact that the jury was sworn. So we can say in this case. So in *Garner* v. *State,* 28 Fla. 113, 29 Am. St. R. 232, in a felony case, though a statute prescribed in capital cases the above form, yet the record stating that the jury was "sworn to try the isue joined," was held not error, as it did not import that the full oath was not administered, since the law did require the record to state the oath in full, but simply to say that the jury was duly sworn, and then it would be presumed that the proper oath was administered, unless the contrary should appear. The same principle is found in *Dysen* v *State,* 26 Miss 362, a capital case, the record stating that the jury was sworn

"the truth to speak in the issue joined." In 3 Rob. Prac. 177, the oath, or rather the record entry, is, "who being elected, tried and sworn the truth of and upon the premises to speak." This is in criminal cases. So says 4 Bl. Comm. Appendix, Harris' Entries, Vol. 2, p. 293, gives the oath thus: "Who are sworn to say the truth in the premises." In *Lancaster* v. *State*, 91 Tenn. 267, a murder case, the entry was that the jurors were "elected, tried and sworn well and truly to try the issue joined," and it was held sufficient. I must not be understood as saying that if the record shows the oath actually administered in full, and it is not substantially good, it is not error, but I mean to hold that unless it so appears, a mere statement of the record, in any words, attesting the swearing of the jury, both in civil and criminal cases. But this case, being a civil case, I think the oath shown by the record, even if regarded as the full literal oath, is good, though we are not compelled to so regard it, but may presume that the injunction to well and truly try the case according to the evidence was really in the oath administered. I just now discover that *State* v. *Ice*, 34 W. Va. 244, so holds. Ample authority so settles the point. See 12 Ency. Pl. and Prac. 522, where it is stated that the better entry is, not to give the oath in full but simply state that the jury was duly sworn according to law. I think so. Can we say that the oath in this case is not substantially good? "If the oath is substantially in the prescribed or recognized form, it will be sufficient, and a literal adherence to form will not be required." 12 Ency. Pl. & Prac. 518. Mere technicality should not be allowed such sway as is proposed in this case.

There is another reason why this point should not reverse the trial. The defendant had right to object to the oath when administered and to demand a proper one, if not satisfied with the one used, and he could not sit silent, take his chances of a verdict in his favor, and then take advantage of such a defect. He could have shown the oath actually administered by bill of exceptions, and must do so, as held in *Lawrence's Case*, 30 Grat. 650, and in *Dysen* v. *State*, 26 Miss. 32, and many other cases cited in 1 Thompson on Trials, s. 108. I will add that an oath such as that in this case, to try the issue joined, was held good on principle and authority in civil cases. *Pierce* v. *Tate*, 27 Miss, 283; *Windham* v. *Williams*, *Id*. 313. We affirm the judgment.

*Affimed.*