# CHARLESTON

JONES v. HARMER, *Admr.*

Submitted June 8, 1906.   Decided November 20, 1906.

| | |
|---|---|
| 60 | 479 |
| f64 | 56 |
| 64 | 447 |
| 60 | 479 |
| 66 | 611 |

1. APPEAL—*Record—Bill of Exceptions.*

A bill of exceptions to the opinion of a county court under section 48, chapter 39, Code 1906, is a part of the record, if the record shows that the bill was signed by the commissioners or a majority of them at the same term of court at which the trial

took place, although the record fails to show that the bill was otherwise noted thereon. (p. 481.)

2. Same.

Under section 9, chapter 131, Code, 1906, a bill of exceptions signed by a judge in vacation within thirty days after the adjournment of the term is not a part of the record, unless the judge also certified the bill, and the order certifying it was recorded. (p. 482.)

Error to Circuit Court, Harrison County.

From an order affirming the appointment of Harvey W. Harmer as administrator with will annexed, Isabella Jones brings error.

*Affirmed.*

Haze Morgan, for plaintiff in error.

John Bassel, for defendant in error.

Cox, Judge:

Isabella Jones, plaintiff in error, complains of an order of the circuit court of Harrison county affirming the action of the county court of that county in confirming the appointment of Harvey W. Harmer as administrator with the will annexed of Robert J. Criss, deceased, made by the clerk of that court in vacation; and in refusing to appoint her as the personal representative of Robert J. Criss. She claims that Robert J. Criss, of said county, died on April 8, 1905, owning personal estate, and leaving surviving a widow, and George J. Criss, his only son and heir at law; that on May 1, 1905, George J. Criss, the son, died intestate, leaving surviving him plaintiff in error and other collateral kindred, his only heirs at law; that the widow of Robert J. Criss waived her right to administer; that as heir at law and distributee of the estate of George J. Criss, plaintiff in error is also distributee in his right of the estate of Robert J. Criss; that the appointment of Harvey W. Harmer as administrator was made by the clerk within thirty days after the death of Robert J. Criss; that plaintiff in error made application for appointment as personal representative of Robert J. Criss to said clerk within thirty days after the death of said Criss, and that her application was refused.

At the threshold of this case the question arises whether or not there is a bill of exceptions, making the facts upon

which the county court acted a part of the record.   Without
the facts there is no error apparent in the action of the
county court, or in the order of the circuit court affirming
that action.   The appeal to the circuit court was under sec-
tion 47, chapter 39, Code 1906.   Section 48 of that chapter
provides for a bill of exceptions to be signed by the com-
missioners holding the court, or a majority of them, and
for *mandamus* in case of refusal.   If this section is the only
authority for a bill of exceptions in the cases mentioned in
section 47, then no provision is made for the signing of a
bill in vacation by the commissioners.   No authority for
the signing of a bill in vacation being given by that section,
under its provisions the bill referred to must be made and
signed in term.   *Telegraph Co.* v. *Holson & Son*, 15 Grat.
122; *Winston* v. *Giles*, 27 Grat. 530; *Welty* v. *Campbell,
Judge, &c.*, 37 W. Va. 797; *Richmond* v. *Henderson*, 48 W.
Va. 389; 3 Cyc. 38.   If it appeared from the record that
the bill was signed at the term at which the trial was had,
that would be sufficient to make the bill a part of the
record without any other order making it so, because the
statute says in substance that if the bill states the truth it shall
be signed by the commissioners and that the same shall
be a part of the record.   Under this provision the record
must show at least a signing.   In this case a bill, or what
purports to be a bill, of exceptions signed by two commis-
sioners is copied in the printed record.   Appended to this
is the following:   "A copy.   Attest:   Charles F. Holden,
clerk of the county court of Harrison county, West Vir-
ginia."   There is nothing in the record to show that the
bill was signed in term by the commissioners.   On the other
hand the record fails to show that there was any session or
term of court on July 22, 1905, the day the bill was signed
by two commissioners.   The order of the county court con-
firming the appointment by the clerk of the defendant in
error as administrator was made by the county court in
session on July 14, 1905.   No continuance of the term beyond
that day is shown.   On that day the plaintiff in error
was granted leave to file a bill of exceptions within ten
days.   Eight days thereafter the bill of exceptions in
this case purports to have been signed by two commis-
sioners.   The record wholly failing to show that the bill of

exceptions was signed in term, we must treat it under the facts appearing as signed in vacation.    Looking alone to section 48 the bill can not be treated as part of the record. Section 9, chapter 131, Code 1906, might be invoked to aid this bill.   This section provides for the signing of bills of exception in vacation in certain cases within thirty days after the adjournment of the term. Without here deciding that this section applies to bills of exceptions in a county court we can say that if it is applicable, the bill here in question is not saved by its provisions.  If this section applies, then its provisions must have been complied with.   This section says, "the court may, in vacation, within thirty days after the adjournment of the term, make up and sign any bill of exceptions and certify the same to the clerk of the court, who shall enter it upon the order book of such court."    Where the judge makes up and signs a bill of exception in vacation it must also be certified to the clerk, whose duty it is to enter it upon the order book.   There is no order in vacation or otherwise by the commissioners of the county court, or either of them, certifying the bill of exceptions to the clerk of that court, and no entry of such an order of record. Without such order certifying the bill, and its entry of record, the bill is not a part of the record, under the provisions of section 9, chapter 131.    *Wells* v. *Smith*, 49 W. Va. 79; *Ketterman* v. *Railroad*, 48 W. Va. 606; *Craft* v. *Mann*, 46 W. Va. 478; *Bank* v. *Wetzel*, 58 W. Va. 1.   The mere attestation of the clerk that the bill is a copy is not sufficient.   The order certifying must be made by the court or judge signing the bill, and be entered on the order book by the clerk.

For want of a bill of exceptions which is a part of the record, we cannot examine the facts; and the order complained of does not appear to be erroneous.   It is therefore affirmed.

*Affirmed.*