# CHARLESTON.

SHEPHERD *v.* ADAMS EXPRESS COMPANY.

Submitted February 2, 1909. Decided April 27, 1909.

EXCEPTIONS, BILL OF—*Execution—Certificate—Record.*

When a judge executes a bill of exceptions within thirty days after term, he must send it to the clerk accompanied by his certificate to the clerk certifying it as executed by him, and the clerk must record the certificate in the law order book under the caption of the case, to make the bill a part of the record. (p. 602.)

Error to Circuit Court, Cabell County.

Action by W. R. Shepherd against the Adams Express Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

SIMMS, ENSLOW, FITZPATRICK & BAKER, for plaintiff in error.

GEO. S. WALLACE, for defendant in error.

BRANNON, JUDGE:

We cannot consider evidence or instructions, since the bills of exceptions presenting them cannot be considered. There is no certificate of the judge to the clerk certifying them to him to be filed as made within thirty days of the term. This certificate is the final act of the judge, his final act of authentication. If exceptions are made in term, though ever so formally executed by the judge, no one would say they were part of the record without a court order. If in vacation, this certificate and order of the judge take the place of court order. It is the final act. The order must be recorded in the order book, and a copy appear in the transcript. There is nothing to show filing except the clerk puts the bill in the transcript. No such certificate.

We must so hold, unless we ignore former cases. Section 9, chapter 131, Code, in words requires these things. *State* v. *Blair*, 63 W. Va. 635; *Wells* v. *Smith*, 49 *Id.* 78; *Craft* v. *Mann*, 46 *Id.* 478; *Ketterman* v. *Railroad*, 48 *Id.* 606.

No error appearing we must affirm the judgment.

*Affirmed.*