# CHARLESTON.

DeFroscia *v.* The Norfolk and Western Ry. Co.

Submitted March 11, 1909.          Decided November 1, 1910.

Appeal and Error—*Record—Bill of Exceptions—Certification.*
  A bill of exceptions made in vacation must be certified by order duly entered of record as required by statute, otherwise it does not become a part of the record and avails nothing on writ of error.

Error to Circuit Court, McDowell County.

Action by Dominick De Froscia against the Norfolk & Western Railway Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Strother, Taylor & Flanagan,* for plaintiff in error.

*David E. Johnston and Stokes & Sale,* for defendant in error.

Robinson, President:

The alleged errors relate to the evidence and to certain instructions, neither of which are properly in the record. No order of the court in term has put into the record the bill of exceptions embracing the evidence adduced at the trial and the instructions given to the jury. Nor has any order of the judge in vacation, certifying to the clerk, done so. The plaintiff in error by an order in term was given thirty days in which to take his bill of exceptions; but there is nothing to show that he did take it in that time. The vacation order of the judge certifying to the clerk, as required by statute in such case, is wanting. The bill of exceptions taken in vacation avails nothing—

does not become a part of the record—without this order of certification made within thirty days. *State* v. *Blair,* 63 W. Va. 635; *Wells* v. *Smith,* 49 W. Va. 78, and other cases.

We cannot look to the evidence and the instructions that pertained to the trial of the case. They are not legally preserved. Since we cannot be pointed to error in regard to them, and none in any other particular appears, the judgment must be affirmed.

*Affirmed.*