# CHARLESTON.

PEARL MILLER *et als.* v. ·C. W. STARCHER.

Submitted March 23, 1920.    Decided March 30, 1920.

1. APPEAL AND ERROR—*Where Defendant Excepts to Striking of a Special Plea it is a Part of Record Reviewable on Writ of Error.*

   When a special plea, regularly filed at rules, is at a subsequent term of the court on motion struck out, and the order of the court shows an exception by defendant to this action, such plea thereby becomes à part of the record, and the action of the court thereon may be reviewed here on writ of error.  (p. 91).

2. ASSIGNMENTS—*Assignor of Cause of Action for Fraud May Sue for Assignee's Use; Cause of Action for. Grantor's Fraud is Assignable.*

   A cause of action for fraud and deceit by the grantor respecting the acreage in the sale and conveyance of land, is assignable, and the assignor, notwithstanding section 14 of chapter 99 of the Code, may in his own name maintain an action against the grantor in such deed for the use and benefit of his assignee.  (p. 92).

3. APPEAL AND ERROR—*Bill of Exceptions Containing Certificate of the Evidence Signed in Vacation.*

   A bill of exceptions containing a certificate of the evidence, though signed by the trial judge, does not become a part of the record so as to be considered upon a writ of error, if done in vacation, without an order signed by the judge within thirty days after the adjournment of the term at which final judgment was entered.  (p. 92). ·

Error to Circuit Court, Jackson County.

Action by Pearl Miller and others for the use of their assignees, Henry Harbin and Emma Harbin, against C. W. Starcher. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

86 · W. Va.

*J. L. Wolfe,* for plaintiff in error.

*Warren Miller,* and *Chas. E. Hogg,* for defendants in error.

MILLER, JUDGE:

This is an action for fraud and deceit brought by plaintiffs for the use and benefit of their assignees, Henry and Emma Harbin, and on which, a jury being waived, plaintiffs obtained judgment against defendant·for the sum of $197.03, to which judgment defendant was awarded the present writ of error. The fraud and deceit alleged pertains to the acreage in a tract of land sold and conveyed by defendant to plaintiffs by deed of November 20, 1907.

In this court three points of error are assigned and relied on by defendant: First, the striking out of his special plea No. 1; second, in finding against defendant on his plea of the statute of limitations; third, the rendering of the judgment in favor of plaintiffs for the use and benefit of Henry and Emma Harbin against him, to which the writ relates.

The only defense interposed here by defendants in error is a motion to dismiss the writ, predicated on two grounds: First that defendant's plea No. 1, stricken out, is no part of the record, not having been made so by bill of exceptions or order preserving the same, and that this court can not consider the error, if any, in striking out said plea; second, that the evidence on the issues joined on defendant's plea of the statute of limitations is no part of the record and can not be considered, either upon that plea or upon the merits of the ·case, because not made part of the record by bill of exceptions, and that though the certificate of the judge thereof is copied into the record, not having been made part of the record by any order, it is a mere fugitive paper which the court can not consider.

So far as the motion to dismiss depends on the action of the court below upon defendant's special plea No. 1, we think the motion must be overruled. This plea, with the other pleas of defendant, according to the record, was filed at rules. It was not merely tendered and the tender rejected by the court; it was actually filed and became a part of the record. By the filing of this plea, and the exception of defendant to the ruling of the court thereon, the plea remained a part of the record for the

purposes of this writ.  *National Valley Bank* v. *Houston,* 66 W. Va. 336, 339, and cases cited.

The correctness of the ruling of the court below on the plea is therefore properly before us for review,  The issue sought to be raised by the plea was that this action for fraud and deceit could not be maintained in the name of plaintiffs for the use and benefit of their assignees, but if maintainable at all, could only be prosecuted by Henry and Emma Harbin, assignees, in their own right, and not by plaintiffs, for want of privity of contract between them and defendant.  On this proposition defendant is clearly in error.  Section 14 of chapter 99 of the Code, relied on, does enable an assignee of any note, bond, account or writing, not negotiable, to maintain an action thereon in his own name. The present action is not founded on any of the cases described in the statute. Besides, the statute does not take away the common-law right theretofore existing, which permitted the assignee of a chose in action to sue in the name of his assignor for his use and benefit.  This court held in *Bentley* v. *Standard Fire Insurance Company,* 40 W. Va. 729, that as the assignment of the chose vests in the assignee equitable title, the assignee, under the provisions of the Code alluded to, may sue in his own name or in the name of the assignor for his benefit.  See also, *Watkins* v. *Angotti,* 65 W. Va. 193.   Wherefore, because of the subject matter of the plea, it was properly rejected by the trial court, and this point of error has no merit.

But should the motion to dismiss, predicated on the theory that the evidence certified by the judge below is no part of the record, prevail?    It is not sufficient that the judge of the trial court should have certified the evidence.  To make it a part of the record requires an order signed by him within thirty days from the end of the term at which final judgment was entered.  Without such order a bill of exceptions though signed does not become a part of the record and can not be considered.  Section 9, chapter 131, Code.  *State* v. *Yoes,* 67 W. Va. 546; *DeFroscia* v. *Norfolk & Western Railway Company,* 68, W. Va. 136.

However, as the case is properly before us on the ruling of the court on defendant's special plea No. 1, the motion to dismiss can

not prevail, but for want of error appearing therein the judgment below must be affirmed with costs to defendant in error.

*Affirmed.*