MONONGAHELA RAILWAY COMPANY *v.* MINTER L. WILSON, *Judge, etc.*

(No. 9117)

Submitted September 4, 1940. Decided September 24, 1940.

*Rollo J. Conley,* for relator.
*Ernest Gilbert, Sr.,* and *Kermit R. Mason,* for respondent.

Fox, Judge:

This is a proceeding in mandamus seeking to compel the Judge of the Circuit Court of Monongalia County to enter a *nunc pro tunc* order making certain bills of exceptions signed by said Judge on the 13th day of May, 1940, a part of the record in an action at law, pending in said court, in which Carroll Wayne Davis is plaintiff and the Monongahela Railway Company defendant. The pertinent circumstances necessary to an understanding of the points raised may be stated as follows:

At November Rules, 1939, Carroll Wayne Davis filed his declaration in trespass on the case against the Railway Company, seeking to recover damages for personal injuries alleged to have been sustained by him, and a trial of the action was had at the January term, 1940, of the Circuit Court of Monongalia County, and verdict returned in favor of the plaintiff in the sum of $25,000.00. A motion to set aside the said verdict was overruled by the court on March 7, 1940, and judgment entered thereon, to which an exception was duly taken and the judgment suspended for a period of sixty days from the adjournment of the term of court at which the same was entered. This term of court adjourned on the 19th day of March, 1940, and under Code 56-6-35 the defendant was entitled to a proper bill of exceptions if the same was tendered to the court in term or in vacation within sixty days after said adjournment. On May 13, 1940, and within the sixty-day period, the Railway Company presented to the Judge of said court, and while the April term thereof was in session, bills of exceptions Nos. 1 and 2, which were on that day signed by the Judge. This term of court adjourned on the 15th day of May, and neither at the time the bills were signed, nor at any time prior to the adjournment of the April term, or within the sixty-day period, was any order entered showing the signing of the said bills of exceptions and making the same a part of the record. The Judge of the Circuit Court takes the position that it was the obligation of the attorney for the defendant to see to

the preparation and presentation of such order for entry, and the attorney relies upon his understanding that orders of such character were entered by the clerk of the court as a matter of course upon the filing of signed bills of exceptions. Whatever may be the merit of these contentions or understandings, the fact is that no such order was entered, nor was there any memorandum of the court directing the entry of the order, or other direction on its part in relation thereto, unless it be the language of the bills, in each of which it is stated that the matters contained therein are made a part of the record. On May 22, 1940, in vacation of said court, and after the expiration of the sixty-day period in which the bills of exceptions could be signed, a *nunc pro tunc* order was presented to the Judge of said court, and asked to be entered, as of May 13, 1940, the date when the bills of exceptions were signed, which order the Judge refused to enter, and this proceeding is prosecuted to compel him to do so. It is apparently conceded that the order sought should be made effective within the sixty-day period within which the bills could be signed.

The question raised as to the necessity of an order of the court or the judge thereof in vacation as a prerequisite to their becoming a part of the record, must be determined by the provisions of the statute, Code 56-6-35. This statute in its original form was inherited from Virginia, and appears in Chapter 131, Section 9, Code 1868, and provides:

"In the trial of a case at law, in which an appeal lies to the court of appeals, a party may except to the opinion of the court, and tender a bill of exceptions, which (if the truth of the case be fairly stated therein) the judge shall sign, and it shall be a part of the record of the case. If any judge refuse to sign such bill of exceptions, he may be compelled to do so by the court of appeals by mandamus; in which case a bill of exceptions shall be a part of the record to the same extent as if it had been signed by the judge at the proper

time. A party may avail himself of any error, appearing on the record, by which he is prejudiced, without excepting thereto."

This section was amended in minor particulars by Chapter 206, Acts of the Legislature, 1873, and by Section 9, Chapter 120, Acts of 1882. The legislature of 1891, (Chapter 100, Acts 1891), amended the section in a material way, providing, among other things, that the court might in vacation, and within thirty days from the adjournment of the term, sign bills of exceptions and certify the same to the clerk of the court who was required to enter the certification upon the law order book of the court. It also provided that if an action or opinion of the court be upon any question involving the evidence, or any part thereof, the court should certify all the evidence touching the question and sign such bills of exceptions as might fairly state the case and provided that "it shall be made a part of the record in the case." This section continued without amendment until the enactment of Code 56-6-35 in 1931.

The first decisions of this Court were based upon the statute as it was prior to the amendment of 1891. It will be recalled that under the early statutes bills of exceptions were required to be signed during term time, and notwithstanding the provisions of such statutes that upon the signing of a bill of exceptions "it shall be a part of the record of the case", this Court has uniformly held that the signing of such bills must be shown by the record of the court. For example, in *Phelps & Pound v. Smith & Co.*, 16 W. Va. 522, point 1 of the syllabus, is that "where the record does not show that a bill of exceptions had been made a part of the record by order of the court below, the Appellate Court will not consider it a part of the record, and will not look to it for any purpose upon writ of error." In *Quaker City National Bank v. Showacre*, 26 W. Va. 48, Judge Snyder, speaking for this Court, said:

"It is too well settled to require any argument or citation of authorities, that unless that which purports to be a bill of exceptions and copied into

the record as such, is by some order or memorandum of the trial-court entered on the order-book, made a part of the record, this Court can not regard it or treat it as a part of the record in the case, but will wholly disregard it."

In *Wells* v. *Smith,* 49 W. Va. 78, 38 S. E. 547, 548, Judge Brannon says:

"If the bill is executed in term, the law order book must show the execution of the bill, else it is no part of the record",

This case was decided in 1901, after the enactment of the 1891 statute. Other cases, applying to both term and vacation, which support these holdings are: *Winters* v. *Null,* 31 W. Va. 450, 7 S. E. 443; *Griffith* v. *Corrothers,* 42 W. Va. 59, 24 S. E. 569; *Craft* v. *Mann,* 46 W. Va. 478, 33 S. E. 260; *Koontz* v. *Koontz,* 47 W. Va. 31, 34 S. E. 752; *Ketterman* v. *Railroad Co.,* 48 W. Va. 606, 37 S. E. 683; *Bank of Ravenswood* v. *Wetzel,* 58 W. Va. 1, 50 S. E. 886, 70 L. R. A. 305; *Jones* v. *Harmer,* 60 W. Va. 479, 55 S. E. 657; *Shepherd* v. *Express Co.,* 65 W. Va. 602, 64 S. E. 720; *De Froscia* v. *N. & W. Railway Co.,* 68 W. Va. 136, 69 S. E. 1008; *Miller* v. *Starcher,* 86 W. Va. 90, 102 S. E. 809; *Hall* v. *Shelton,* 93 W. Va. 592, 116 S. E. 12. In *Miller* v. *Starcher* it was distinctly held that the signing of the bills of exceptions was not alone sufficient. In *Coal Run Coal Co.* v. *Cecil,* 94 W. Va. 116, 117 S. E. 697, it was held that the entry of an order reciting that a bill of exceptions had been signed by the judge and made a part of the record, in the absence of the actual signing of the bill, was not sufficient to make it a part of the record. It seems, therefore, that the signing of the bills of exceptions and the entry of an order making the same a part of the record are separate and distinct actions of the court, the lack of either of which prevents the bills from becoming a part of the record.

We have not considered it necessary to discuss the provisions of the statute as to bills of exceptions signed in vacation, under which statute it is the mandatory duty

of the clerk to record the order or certificate of the court making the bills a part of the record, and the court must sign such order or certificate and, properly, should direct its entry by the clerk. We think it clear that the bills before us were signed during a term of court. A court can only speak by its record, *Trust Co.* v. *Todd,* 101 W. Va. 31, 131 S. E. 638. The record not showing any order, we can only hold that the bills of exceptions under consideration did not, by the mere signing of the same, become a part of the record of the case.

Having held that an order was necessary to make the bills a part of the record, the question remains whether or not the defendant is now entitled to have entered a *nunc pro tunc* order, subsequent to the expiration of the time during which the bills of exceptions could be properly certified, making the same a part of the record as of the date when they were signed. Our cases consistently hold that there must have been present an intent on the part of the court to enter an order, coupled with some memorandum or other proceeding in the case showing such intent, before the court is warranted in entering a *nunc pro tunc* order after the adjournment of the term at which the order could have been entered. *Vance* v. *Railway Co.,* 53 W. Va. 338, 44 S. E. 461; *Payne* v. *Riggs,* 80 W. Va. 57, 92 S. E. 133; *Stannard Supply Co.* v. *Delmar Co.,* 110 W. Va. 560, 158 S. E 907; *State* v. *Thornhill,* 111 W. Va 258, 161 S. E. 431. Here it plainly appears from the answer of the respondent not only that no order was entered, but that none was directed by him, or intended to be directed, until such order was presented by counsel for the defendant. We do not think the bills of exceptions can be resorted to as a memorandum showing intent to enter an order making the bills a part of the record. The fact that no such order was entered following the signing of the bills was called to the attention of the court. We do not share the view of the court that it was the primary duty of counsel to attend to the entry of the order. In our opinion, it is, primarily, the function of any court to see that its acts are given effect by the entry of proper orders and

decrees. Courts are not supposed to do vain and futile things. Entry of the order should have been directed at the time the bills of exceptions were signed. The court below, however, took a different view and did not direct or express any intent to enter such order and none was entered. Under the decisions cited, we cannot see that entry of such order can be compelled at this time.

In reaching our conclusions, we have followed a long line of decisions of this Court covering the two major questions considered, reaching back to early periods of the state's history. The value of any rule of procedure depends on its uniform and consistent application to all cases presented, and we have, therefore, felt impelled to adhere to the long followed rules of procedure, which these decisions establish.

The writ prayed for is refused.

*Writ refused.*