# CHARLESTON.

## STATE *v.* McGLUMPHY.

Submitted January 23, 1893.—Decided April 1, 1893.

1. BILL OF EXCEPTIONS.

   A bill of exceptions or certificate of facts upon trial, not made before the close of the term at which final judgment is rendered, nor within thirty days after its close, is no part of the record, and can not be considered in this Court.

2. BILL OF EXCEPTIONS.

   The provision of section 9, c. 131, Code 1891, allowing a bill of exceptions to be made within thirty days after the term, is applicable to criminal as well as civil cases.

W. W. ARNETT for plaintiff in error.

Attorney General ALFRED CALDWELL for the State:

I.—*Record must show filing of the bill of exceptions or statement of facts.*—14 W. Va. 157; 26 W. Va. 49.

II.—*No exception was necessary.*—24 W. Va. 551; 26 W. Va. 106; 17 Gratt. 445; 18 Gratt. 426.

III.—*A jury may be waived in a misdemeanor case.*—31 W. Va. 162; 34 W. Va. 78.

IV.—*The defendant is a demurrant to the evidence.*—24 W. Va. 553; 18 Gratt. 842.

V.—*The indictment is sufficient.*—11 Pick. 437; 2 Hawk. P. C. c. 25, § 59; 13 Pick. 362.

VI.—*Generally necessary to prove three acts.*—1 Cush. 3.

VII.—*What is barratry?*—11 Pick. 434; 1 Russ. Crimes, 181; Desty's Am. Crim. Law, § 74 a.

VIII.—*Prosecuting a female.*—52 Pa. St. 246.

IX.—*The judgment was justified by the facts.*—1 Bailey (So. Car. Law) 397.

X.—*On bill of exceptions.*—Acts 1891, ch. 100; Code, (Ed. 1891) p. 1063.

BRANNON, JUDGE:

Writ of error to a judgment of the Circuit Court of Ohio county, by which Malissa McGlumphy was fined on an indictment for barratry.

The single assignment of error is that the evidence does not show the defendant to be guilty.; and we can not consider this assignment, because that evidence is not a part of the record. Though where, as in this case, the Court tries the case in lieu of a jury, no exception to its finding and judgment is necessary, yet it is necessary that the facts appear as part of the record, else such finding will be taken to be right. *State* v. *Miller*, 26 W. Va. 106; *Ramsburg* v. *Erb*, 16 W. Va. 778; *Smith* v. *Townsend*, 21 W. Va. 486.

Until the passage of chapter 100, Acts 1891, a bill of exceptions or certificate or agreement of facts must have been noted in the record, as part of the cause, not later than the end of the term of final judgment. *Wickes* v. *Railroad Co.*, 14 W. Va. 157; *Bank* v. *Showacre*, 26 W. Va. 53; and *Welty* v. *Campbell*, supra, p. —— (17 S. E. Rep. 312). Said act of 1891 altered this rule by allowing a bill of exceptions to be made up and signed within thirty days after the ad-

journment of the term. The effect of this change is only to extend the time thirty days; and therefore a bill of exceptions not taken within that time would fall under the principle ignoring such bills taken after the close of the term, under the former law.

We find a paper called a "bill of exceptions," signed by the judge, certifying certain facts as agreed or proven; but it is dated 2d of December, 1891, and was not made within thirty days after the close of the term at which the judgment was rendered, and is therefore not a part of the record under principles found in cases above cited. Unless such facts can get into the record under that act they can not be a part of it, as they or the certificate of facts are not referred to in any way in the record. We must say that this certificate of facts was made later than thirty days after the term, because the judgment was on the 8th of October, and the certificate was made 2d of December, and we judicially know that in the same circuit the Circuit Court of Brooke county was fixed by law to begin on the second Monday in October; that of Marshall on the second Tuesday of October; and another term, in Ohio county, on the third Monday of November. Moreover, a copy of the order of final adjournment of the term, read by consent, shows that it adjourned on the 10th of October.

I have conceded that the act of 1891, allowing a bill of exceptions to be taken within thirty days after the term, is applicable to criminal cases. It re-enacts section 9 of chapter 131 of the Code, relating to trial of civil cases and bills of exceptions therein, while section 1, c. 160, authorizing bills of exceptions in criminal cases, is left untouched without such extension, and technical construction might deny the application of the thirty-days' extension to criminal cases; but I think, for this remedial purpose both sections should be read together, and that such extension would apply to criminal cases. If it does not, the matter is only more plain against the efficacy of the certificate of facts. Judgment affirmed.

AFFIRMED.