## CHARLESTON

OIL PRODUCERS MANUFACTURING & SUPPLY CO. *v.* IRWIN *et al.*

Submitted February 25, 1908.   Decided March 10, 1908.

1. APPEAL—*Record—Bill of Exceptions.*
   Where there is no order of the court in term making a bill of exceptions a part of the record, or of the judge thereof in vacation and duly recorded certifying the same to the clerk, as provided by section 9, chapter 131, Code, such bill of exceptions, though copied into the transcript of the record and purporting to be signed by the judge, is no part of the record, and will not be considered in this court. (p. 56.)

Error to Circuit Court, Pleasants County.

Action by the Oil Producers' Manufacturing & Supply Company against J. S. Irwin and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

CLYDE B. JOHNSON and J. W. VANDERVORT, for plaintiff in error.

L. R. VIA and J. C. NOLAND, for defendants in error.

MILLER, JUDGE:

The Oil Producers Manufacturing & Supply Company, a corporation, sued the defendants as a mining partnership, and sought recovery of $391.05, the price of a boiler and machinery attachments alleged to have been sold them. Issues were joined on the pleas of the defendants Sparks, Ryan and Martin denying the partnership, and upon their plea of non-assumpsit. No pleas were tendered by the defendants J. S, Irwin or W. N. Ferrell, partners as Irwin & Ferrell. On the trial before the jury, there was a verdict in favor of Sparks, Ryan and Martin, but as to the defendants Irwin and Ferrell there was a verdict and judgment thereon against them in favor of the plaintiff for $391.05. The motion of the plaintiff to set aside the verdict in favor of Sparks, Ryan and Martin and award a new trial did not prevail, and as to them the final judgment was that the plaintiff take nothing and that they recover from the plaintiff their

costs; but leave was granted the plaintiff to have prepared and certified proper bills of exception within thirty days from the rise of the court.

Seven several bills of exception—including a certificate of the evidence—purporting to have been signed by the judge December 19, 1905, were copied into the transcript and appear in the printed record; but no order of the court in term filing them, or by the judge in vacation certifying the same to the clerk, appears.     We are precluded by section 9, chapter 131, Code, as construed by prior decisions, from treating these bills of exceptions as parts of the record, and from considering any points of error presented thereby.     *Pegram* v. *Stortz*, 31 W. Va. 220; *Furbee* v. *Shay*, 46 W. Va. 736; *Craft* v. *Mann*, 46 W. Va. 478; *Ketterman* v. *Railroad Co.*, 48 W. Va. 606; *Tracy* v. *Oil Co.*, 57 W. Va. 587; *Bank* v. *Wetzel*, 58 W. Va. 1; *Jones* v. *Harmer*, 60 W. Va. 480. As all errors relied on and argued here are involved in these bills of exception, and therefore no error is made to appear in the final judgment, it must be affirmed.

*Affirmed.*