# Richmond

## RATLIFF V. MEADOWS AND OTHERS.

### November 12, 1914.

1. BLLS OF EXCEPTION—*Signing After Thirty Days—Compliance with Statute—Nunc Pro Tunc Orders.*—Bills of exception are of statutory origin, and the provisions of the statute must be strictly complied with. Under the statute of this State, a bill of exception cannot be signed more than thirty days after the adjournment of the court, except by consent of the parties entered of record, and an error in stating that the defendant, instead of the plaintiff, excepted, cannot be cured by a *nunc pro tunc* order made after the expiration of the thirty days.

2. APPEAL AND ERROR—*Instructions—Bill of Exception.*—This court cannot consider alleged errors in giving and refusing instructions which are not made a part of the record by a proper bill of exception.

Error to a judgment of the Circuit Court of Buchanan county in an action of ejectment. Judgment for the defendants. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*S. M. B. Coulling, Finney & Stinson* and *J. Glenn Ratliff,* for the plaintiff in error.

*Chase & Daugherty,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

Ratliff filed his declaration in ejectment against Paris Meadows and others to recover a certain tract of land therein described. The defendants pleaded not guilty,

issue was joined thereon, and a jury empaneled, who found a verdict for the defendants upon which the court entered judgment, and thereupon the following order was entered:

"This day came the parties by their attorneys, and the defendants expressing a desire to apply to the Supreme Court of Appeals for a writ of error and supersedeas to the judgment of this court, the operation of this order is suspended for a period of forty-five days, upon execution of a suspension bond conditioned as the law provides in the sum of $150.00 the defendants have by agreement forty-five days in which to present certain bills of exception to have signed, sealed and made a part of the record in this case."

At a subsequent day the plaintiff, Ratliff, appeared by his attorney and moved the circuit court to enter the following or a similar *nunc pro tunc* order in this case:

"Whereas in the above styled case, at the last term of this court, and after the plaintiff had moved the court to set aside the verdict of the jury, and for a new trial, and for a suspension of the judgment of the court, the following order was entered:" (being the order which we have just copied).

"And whereas the words 'defendants' as used in said order were intended to mean and to be the word 'plaintiff.' Therefore on motion of the plaintiff said order entered at the last term of this court with the 'defendants' changed to the word 'plaintiff' is ordered to be entered now for then;" "which said motion was resisted by the counsel for the defendants, and on the hearing thereof it was conceded by Messrs. Chase and Daugherty, counsel for the defendants, that the defendants made no motion for a new trial, and expressed no desire to apply to the Supreme Court of Appeals, but that the plaintiff did all this, but counsel for the defendants denied that

they made any agreement whatever as to the time of presenting and signing the bills of exceptions, but to the contrary in open court refused to make such an agreement, and then J. Glenn Ratliff, of counsel for the plaintiff, stated to the court that it was his understanding that the time was to be forty-five days. Counsel for the defendants conceded that they had not notified any of the counsel for the plaintiff that they relied upon any exceptions or objections to the bills of exception in this case by reason of said order or their not agreeing thereto until after the thirty days had elapsed; that they did not deem it incumbent upon them to do so, inasmuch as they had no agreement as to the extension over the thirty days allowed by statute in which bills of exception should be signed; and the plaintiff then showed by the clerk of the court that by mistake the words 'defendants' were used in said order where the words 'plaintiff' should have been used, and that the following words in said order, to-wit, 'by agreement forty-five days in which to' were written on the common law order book in pen and ink in the handwriting of the judge of this court.

"The court thereupon refused to enter said order for the reason that he had no memorandum to justify it, and thereupon the plaintiff excepted and tendered this his bill of exception which is now on this the 2nd day of August 1912, on motion of plaintiff, signed, sealed and made a part of the record in this case."

In Burks' Pleading and Practice, page 520, speaking of section 3385 of the Code, it is said: "Under this statute, if the time of signing is postponed beyond thirty days, consent to that effect must be entered of record as a part of the final order of the court, else the exception is not well taken, and the bill is no part of the record. The court cannot; on the mere motion of the exceptor, and without such consent entered of record, postpone from term to

term the signing of such bills. A memorandum signed
by counsel on both sides, and annexed to bills of excep-
tion filed several terms thereafter, to the effect that such
bills of exception have been examined and agreed to, is
not sufficient. The signing of bills of exception so as to
make them a part of the record is a judicial act of purely
statutory origin, and the provisions of the statute must
be strictly observed. If a bill of exception is signed
more than thirty days after the adjournment of the
court, it can only be done by consent of the parties en-
tered of record; and although the parties may have con-
sented to the signing, if the record does not show such
consent, the bill cannot be considered, nor can the fact
that the consent was given at the time be shown (unless
allowed by statute) by a *nunc pro tunc* order."

Such being the law it seems to be very plain that the
evidence in this case is not properly certified so as to
make it a part of the record.

If the *nunc pro tunc* order had been properly entered
by the court so as to make it appear that the plaintiff and
not the defendants had asked for a suspension in order
to enable him to apply to the court of appeals for a writ
of error and supersedeas, it would not avail the plain-
tiff in error as more than thirty days elapsed after the
adjournment of court before the bill of exceptions had
been signed, and the consent of the parties to an exten-
sion of the time beyond the thirty days was not entered
of record.

We are further of opinion that even if that difficulty
could have been obviated by a *nunc pro tunc* order, the
court could not have considered the instructions given or
refused, as they were not made a part of the record by
proper bill of exception.

Upon the whole case, we are of opinion that the judg-
ment of the circuit court must be affirmed.

*Affirmed.*