.STATE OF WEST VIRGINIA *v.* ERNEST BERLE

(No. 8409)

Submitted November 11, 1936. Decided November 17, 1936.

*Eugene H. Long,* for plaintiff in error.

·*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* ·Assistant Attorney General, for the State.

MAXWELL, JUDGE:

In the circuit court of Monongalia County, the defendant, Ernest Berle, was convicted of embezzlement and sentenced to two years' penitentiary confinement. The case comes now for review on writ of error.

On behalf of the state, the attorney general has moved that the writ be dismissed because the certificate of evidence adduced in the trial court was not signed by the judge of that court within sixty days after the adjournment of the term at which the judgment complained of by the defendant was entered. The statute requires that such certificate be signed within sixty days after the adjournment of the term, unless by proper order of the court, or judge in vacation, the time is extended. Code 56-6-36. In this instance there was no extension, and the sixty day period expired February 1, 1936. The certificate was signed March 11. Inasmuch, however, as the certificate was prepared and ready for signature on February 1, and was on that day called to the trial judge's

attention, but, for reasons not the fault of the judge, the certificate was not signed by him until March 11, we are of opinion that the signing of the certificate on the last-mentioned date should be related back and considered operative as of February 1. We therefore treat the certificate as having been signed in due time. The motion of the state to dismiss is accordingly overruled.

Morgantown Produce Company, a partnership composed of H. J. Springer and L. N. Springer, with principal place of business in the City of Morgantown, County of Monongalia, employed the defendant about the first of January, 1935, to sell merchandise of the partnership in and about the City of Clarksburg, County of Harrison. Under this contractual arrangement, the partnership was to furnish the defendant a truck and driver for the transportation of merchandise—produce. The partnership was to be paid from profits $35.00 per week for the wages of the driver and the use of the truck. Produce was to be furnished by the partnership at cost. The defendant was to do the field work—sell the produce and collect the proceeds of sale. After the deduction of the weekly cost of truck and driver, the defendant was to receive one-half of the profits and the partnership the other half. The arrangement was continued for about the first five months of 1935 when the partnership terminated the contract. From proceeds of sales made in Harrison County, the defendant is charged with having embezzled $222.16 belonging to the partnership.

The defendant denied that he appropriated any of the partnership funds to his own use, but takes the position that if there were such misappropriation, it took place in Harrison County and not in Monongalia, therefore, the circuit court of Monongalia County was without jurisdiction in the premises.

As a general rule, in embezzlement prosecutions, venue must be laid in the county wherein conversion or misappropriation took place. 9 Ruling Case Law, p. 1293. But where the conduct which entered into an embezzlement extended to two or more counties, the state's right of prosecution is not confined to one of them. *State* v.

*Bailey,* 50 Ohio St. 636, 36 N. E. 233, *State* v. *Hengen,* 106 Iowa 711, 77 N. W. 453; *Rhodes* v. *Commonwealth,* 145 Va. 893, 134 S. E. 723. On this latter proposition, the state relies.

We are unable to sustain the state's contention. The record discloses that the contract between the defendant and the partnership was entered into in the latter's office in the City of Morgantown, but there is nothing further to connect the defendant with that city or the County of Monongalia. The testimony does not disclose that the merchandise furnished by the partnership to the defendant was received by him in Monongalia County; there may be an inference to that effect, but nothing more. If it were made to appear that he received the merchandise in Monongalia County and that he then and there formulated the intent and purpose of appropriating it to his own use, there would be jurisdiction of an embezzlement charge in Monongalia County, under the authorities above cited and many more of like import. But such is not the case with which we are dealing. The charge is for the embezzlement of money, not goods and merchandise. The money came into the defendant's custody and under his control in Harrison County only. The mere fact of the execution of the contract in Monongalia County is not sufficient, in our opinion, to establish venue in Monongalia County.

Although the above conclusions will operate to terminate the case in Monongalia County under the facts proven, we believe that the ends of justice require us to discuss at least briefly the merits of the situation. Berle was desirous of selling produce to two dealers at Clarksburg to whom the Morgantown Produce Company did not approve of his extending credit. He, nevertheless, did make sales to them, and thought that they would pay their accounts. He was anxious to increase the volume of his sales. He therefore resorted to subterfuge in respect of these particular accounts. Some of the sales to one or both of these dealers, he carried in the fictitious name of R. L. Roberts Company, and other items he charged against persons who were bona fide purchasers and car-

ried accounts with the Morgantown Produce Company. As and when he made collections from the dealers who were under the ban of his employers, he would give credit against improper charges which he had made against other bona fide dealers or against the fictitious dealer and would make reports to his employers showing the payments on the accounts as charged. This, of course, was highly improper conduct on the part of the defendant, but it did not involve the misappropriation of funds by him. It was not embezzlement of his employers' money.

Some of the accounts for which the defendant extended credit were still outstanding at the time of the trial. He made settlement for the fictitious account. He testified that the unpaid accounts of the persons who actually purchased the goods represent all of the funds of his employers for which he did not make settlement. It is urged by the state that from $45.00 to $98.00 remains unaccounted for. This does not appear within any persuasive degree of clarity. Other than the unpaid accounts referred to, there may be a small balance unaccounted for, for which the defendant is civilly liable, but we are not impressed that the evidence establishes beyond a reasonable doubt that the defendant fraudulently converted and misappropriated the same to his own use.

For reasons set forth, we reverse the judgment, set aside the verdict and remand the case.

*Reversed and remanded.*