STATE OF WEST VIRGINIA *v.* JAMES I. TATE

(No. 9377)

Submitted September 29, 1942. Decided November 10, 1942.

*J. Leonard Baer,* for plaintiff in error.

*William S. Wysong,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

ROSE, JUDGE:

This case is before us upon a writ of error and supersedeas to the order of the Circuit Court of Raleigh County, refusing a writ of error to the judgment of the criminal court of that county, by which the latter court had sentenced the plaintiff in error to the penitentiary for life upon the verdict of a jury finding him guilty of murder in the first degree with the recommendation that he be punished by confinement in the penitentiary.

After the maturity of the case for hearing in this Court, the State filed a motion in writing to dismiss the writ of error and supersedeas on the ground that the Court has no jurisdiction of the case for the following reasons: (1)

That "no order was, or has been, made or entered in the Criminal Court of Raleigh County identifying purported bills of exceptions Nos. 1, 2, 3 and 4 and making said bills of exceptions a part of the record, as required by Section 35, Article 6, Chapter 56 of the Code of West Virginia"; and (2) "that said purported bill of exceptions No. 1" (which contains the part of the evidence which has been preserved) "was not presented to and signed by the trial judge within sixty days after the adjournment of the January Term 1942 of the Criminal Court of Raleigh County (at which term the defendant was convicted and sentenced), as required by order of said Criminal Court entered on January 31, 1942, made pursuant to the statutory provision aforesaid."

In support of this motion there was filed a certified copy of an order of the criminal court showing its adjournment for the January term on February 19, 1942. Bill of exceptions No. 1 is dated March 13, 1942; bills of exceptions Nos. 3 and 4, March 16, 1942; and the bill of exceptions (not numbered, but sometimes called No. 2, and sometimes "No. 1, certificate of evidence"), containing the preserved parts of the evidence, bears date May 11, 1942. The record as printed shows no order making any of these four bills of exceptions a part of the court record. Counsel for the plaintiff in error admits this defect, but says in his "answer" to the motion that orders for that purpose were actually prepared and submitted by him for entry, and that bills of exceptions Nos. 1, 3, and 4, were lodged in the office of the Clerk of the Criminal Court on the 18th day of March, 1942, and so indorsed by the clerk. Further, it appears by a certified order entered by the criminal court that on the 11th day of September, 1942, the plaintiff in error moved that court to enter an order *nunc pro tunc* "identifying all of the Bills of Exceptions of the defendant as having been submitted to the court within sixty days after the adjournment of the Criminal Court", which motion that court denied.

We have no alternative but to sustain the motion of the State to dismiss the writs in this case. Each of the bills of exceptions, if we may so designate them, is a mere fugi-

tive paper. No order brings them into the record. They can no more be considered here than pleadings, affidavits, depositions, or other intended court papers, which have never been filed. Bills of exceptions can only be brought into the record by an order below made and entered. The statute says that a bill of exceptions "shall be made a part of the record in a case", Code, 56-6-35. This provision, by a long succession of cases extending from *Quaker City Nat. Bank* v. *Showacre*, 26 W. Va. 48, to *Monongahela Railway Co.* v. *Wilson*, 122 W. Va. 467, 10 S. E. 2d 795, has been held to be absolutely mandatory. Nor was it possible to cure this defect by the proposed *nunc pro tunc* order. *Monongahela Railway Co.* v. *Wilson, supra.*

Further, the bill of exceptions which purports to preserve the evidence has the additional weakness of not having been signed until more than sixty days after the adjournment of court for the term at which the plaintiff in error was convicted and sentenced. This alone would be fatal to this bill. *Given* v. *Diamond Shoe & Garment Co.*, 84 W. Va. 631, 101 S. E. 153; *Jordan* v. *Jordan*, 48 W. Va. 600, 37 S. E. 556; *State* v. *McGlumphy*, 37 W. Va. 805, 17 S. E. 315.

With all the bills of exceptions thus out of the record, nothing remains to furnish a basis of action by this Court. The writs bringing them here were improvidently awarded, and will, accordingly, be discharged and the case dismissed.

*Dismissed.*