THE STATE OF WEST VIRGINIA, BY THE
STATE ROAD COMMISSION OF WEST VIRGINIA, *etc.*

v.

CONSUMERS' GAS AND OIL COMPANY, *et al.*

(No. 9988)

Submitted November 4, 1947.   Decided November 25, 1947.

*Ira J. Partlow,* Attorney General, and *W. J. Postleth-wait,* for plaintiff in error.

*McGinley, Paull & Petroplus,* for defendants in error.

FOX, PRESIDENT:

The State of West Virginia, by its Road Commission, instituted in the Circuit Court of Ohio County, a proceeding to condemn land for highway purposes. The usual proceedings were taken in the case; the property sought to be condemned held to be necessary for public use in highway construction; commissioners were appointed to go upon the land proposed to be taken, and to find the value thereof; followed by their report, to which excep-

tions were taken by defendant owner, Consumers' Gas and Oil Company, as well as by the State, and a jury trial had on the question of compensation, resulting in a verdict returned on the 30th day of October, 1946, fixing such compensation in the sum of $12,500.00.

The petitioner, The State of West Virginia, moved to set aside the verdict, so returned and to grant to it a new trial, assigning grounds therefor; and on January 6, 1947, the said motion was overruled, to which ruling the petitioner objected and excepted at the time, and such objection and exception noted in the order entered on that day. Judgment in favor of the defendant, Consumers' Gas and Oil Company, was entered on the verdict aforesaid, and there was not, at that time, any motion for a stay of execution of such judgment, as might have been made under the provisions of Code, 58-5-5; nor was any request made at that time, or any time thereafter, for an extension of the sixty-day period provided by Code, 56-6-35, 36, within which a bill of exceptions, or, in lieu thereof, a certificate of evidence, could be signed by the trial judge. The term at which the judgment order was entered adjourned on January 11, 1947.

On January 28, 1947, petitioner appeared, and, in effect, announced its intention of applying to this Court for a writ of error and supersedeas to the judgment aforesaid and then moved the court to "grant a stay of execution of the judgment herein for a period of sixty (60) days, in order that it may perfect its appeal"; whereupon the court sustained said motion in the following language: "It appearing to the court that petitioner has given notice of its intention to make such appeal. It is hereby ordered that the execution of the judgment herein be stayed for a period of sixty (60) days herefrom, in order that petitioner may perfect its appeal."

On March 25, 1947, and within sixty days from the entry of the order of January 28, 1947, petitioner again appeared in court and moved for a further stay of sixty days, which motion was granted, the court directing: "It is,

therefore, ordered and decreed that the stay of execution of judgment herein be extended for a further period of sixty (60) days from this date."

Again, on May 23, 1947, and within sixty days from the date of the last-mentioned order, petitioner appeared in court and moved that a further stay of sixty days be granted, which motion the court sustained and directed: "It is, therefore, ordered and decreed that the stay of execution of judgment herein be extended for a further period of sixty days from this date."

On July 22, 1947, and within the sixty-day period following the entry of the order of May 23, 1947, the petitioner presented to a Judge of the Circuit Court of Ohio County a certificate, in lieu of a bill of exceptions, certifying all the evidence offered and given upon the trial of the case, together with the objections and exceptions noted during the trial, and the instructions given, refused and withdrawn, and asked that the same be signed, sealed and made a part of the record, which was done, and on the record thus made, an application for a writ of error and supersedeas was made to this Court on the 7th day of August, 1947, and which we granted on September 8, following.

On October 14, 1947, the defendant, Consumers' Gas and Oil Company, moved this Court to dismiss the said writ of error and supersedeas, as improvidently awarded, on the ground that the certificate of the evidence, signed as aforesaid on July 22, 1947, was invalid and void, because the same was not signed within sixty days after the adjournment of the term of court at which the judgment in favor of defendant was entered.

This motion presents a single question: Whether the order entered by the trial court on January 28, 1947, ordering "that the execution of the judgment herein be stayed for a period of sixty (60) days herefrom, in order that petitioner may perfect its appeal," amounted to an extension of the time within which the petitioner might secure the signing of a bill of exceptions, or, in lieu

thereof, a certificate of the evidence, in the case. It is obvious that without this order, the time within which the trial court could legally sign a bill of exceptions, or a certificate of the evidence, expired on the 13th day of March, 1947, under the provisions of Code, 56-6-35, 36. There is no limitation of time covering the stay or suspension of the execution of a judgment which the trial court may give, except that it must be within a reasonable time. Code, 58-5-5. If, however, by the order of the 28th day of January, 1947, the execution of the judgment of January 6, 1947, was stayed for a period of sixty days thereafter, and such suspension carried on for consecutive sixty-day periods, by the orders of March 25, 1947, and May 23, 1947, and such original order, so supplemented and continued in force by the two subsequent orders, was broad enough to include an extension of the time for the preparation of bills of exception, the final order of the trial court on July 22, 1947, was justified, and the certificate in lieu of the bill of exceptions was legally signed.

In our opinion, such a construction cannot be given to the order of January 28, 1947. That order, and the two orders which followed, plainly stayed the execution of the judgment of January 6, 1947, and nothing more. The securing of a suspension or a stay of the execution of judgment, is separate and distinct from the statutory right of a litigant to time within which to prepare bills of exceptions. The time to prepare a bill of exceptions has been fixed by the statute at sixty days, with the right to have that time extended for such period as the court may, in its discretion, deem justified, so long as such discretion is not abused. In former years, a bill of exceptions was required to be signed within the term of court at which the judgment was entered. Later, litigants were, by statute, given thirty days from the adjournment of the court at which the judgment was entered, in which they might secure the signing of a bill of exceptions, and that right, along with the right to use the alternative of a certificate of the evidence, has now been extended to sixty days; but in the application of these statutes providing for the sign-

ing of a bill of exceptions, and later a certificate of evidence a rather rigid rule has been enforced by this Court. In *State v. Tate,* 125 W. Va. 38, 22 S. E. 2d 868, a criminal case, it was held: "A bill of exceptions signed by the trial judge after the expiration of sixty days from the date of adjournment of court for the term during which the final judgment in the case was entered, where no extension of time for that purpose has been made within sixty days, is void." That case holds two things: (1) That a bill of exceptions must be signed within the sixty-day period prescribed by the statute; or (2) within such extension or extensions of time as has or have been made by the trial court, within the sixty-day period prescribed by statute, or within the extension period or periods. Reasoning by analogy, the same principle was applied in *Barnes v. Warth, Judge,* 124 W. Va. 773, 22 S. E. 2d 547. It was there held that under the provisions of Code, 56-4-56, any extension of the fifteen-day period allowed for the filing of an answer in a chancery cause, after the overruling of a demurrer or plea to a bill, must be ordered within the fifteen-day period provided by statute for the filing of such answer. In the case at bar, petitioner had sixty days within which to obtain its bill of exceptions. Had it secured an extension of that time, by an order entered before the expiration of the first sixty-day period, or before the expiration of any extension period thereafter granted, its right to have signed its bill of exceptions, or, in lieu thereof, a certificate of the evidence, would have continued. But it did not, at any time, request an extension of time for the signing of a bill of exceptions, or a certificate, though, in the first order, that of January 28, 1947, it did ask for a stay of execution "in order that petitioner may perfect its appeal."

On that phrase petitioner insists that under the rule laid down in the case of *State v. Wooldridge,* 129 W. Va. 448, 40 S. E. 2d 899, we should now hold the certificate of the evidence under consideration to have been legally executed. We do not think that case can be applied to the situation here present. In the *Wooldridge* case there was

a colloquy between counsel and the court, in which counsel for defendants notified the court that they desired to make application for a writ of error and supersedeas to this Court, and would like a stay of sentence to prepare the record. In the case at bar the stay is asked in order that petitioner may perfect its appeal. There is slight, if any, difference in the two expressions, although obtaining an appeal or writ of error involves something more than the preparation of the record of a case. But the colloquy proceeded further, and there was a discussion as to the time within which the court reporter would be able to furnish the record, clearly contemplating the evidence. The order in the *Wooldridge* case stayed the execution of sentence for ninety days, pending application to this Court for a writ of error and supersedeas, and in that respect is no different from that entered in the case at bar.

But later the defendants in that case secured from the trial court the entry of a *nunc pro tunc* order, in which the first order entered granting a stay of sentence was made to read that defendants "are hereby granted a period of ninety days from the 11th day of April, 1945, in which to have prepared and to present their bills of exception herein to the court for signature and certification and to apply to the Supreme Court of Appeals of West Virginia for a writ of error and supersedeas to the judgments and sentences herein." We held that that order was justified in the circumstances of that case, and, assuming the correctness of the court's opinion on the entry of the *nunc pro tunc* order, there was, in legal effect, an order granting ninety days in which defendants in that case might prepare their bills of exception or, in lieu thereof, a certificate of evidence.

But *State* v. *Wooldridge, supra,* clearly indicated that, considering the language of the order alone, we could give it no construction other than that it was merely a stay of sentence, and did not grant an extention of time in which to prepare bills of exception, or a certificate of evidence. In that case we said:

"If we disregard the colloquy between the court and counsel at and before the order of April 11, 1945, was entered, taken down by the court reporter at the time, and set out in the court's memorandum of October 23, 1945; consider only the language contained in said order; and place a strict construction thereon; the trial judge did not give to the defendants any time in which to prepare bills of exceptions, leaving to them only the right granted by Code, 56-6-35. The order says nothing about bills of exceptions, but refers only to 'stay of execution of his sentence.' The defendants made clear to the trial judge at the time, their intention to apply to this Court for a writ of error and supersedeas, and for that reason sought an extension of the judgment and sentence; but the court, inadvertently we think, confined his order to a stay of execution of sentence. Construing the order strictly, we can give it no other meaning."

In the case before us, there is nothing upon which a *nunc pro tunc* order could be based. Counsel merely appeared and asked for a stay of execution, in order that they might have time to perfect an appeal, by which, we assume, was meant a writ of error. The perfecting of an appeal always requires something more than the mere signing of bills of exceptions or a certificate of evidence. If an aggrieved litigant fears that he may not be able to secure the signing of bills of exceptions, or, in lieu thereof, a certificate of evidence, within the statutory period of sixty days, he may make application, within that sixty-day period, for an extension of time. He cannot rely upon the mere fact that the judgment, to which he desires to seek a writ of error and supersedeas, has been stayed for any period of time. We had this question before us in *Monongahela Railway Co.* v. *Wilson, Judge,* 122 W. Va. 467, 10 S. E. 2d 795, in which case will be found many authorities bearing on the general question. It would serve no good purpose to cite or discuss them here.

We are of opinion that neither the order of January 28, 1947, nor the two orders of March 25 and May 23, 1947,

nor did any one of them, operate to grant any extension of the statutory period of sixty days, within which the petitioner herein could have secured the signing of bills of exception, or, in lieu thereof, a certificate of evidence, provided for under Code, 56-6-35, 36, and that the certificate of evidence signed by a Judge of the Circuit Court of Ohio County, on July 22, 1947, was invalid and of no force and effect, and did not make the evidence in the case a part of the record. The writ of error in this case being granted on questions arising upon the evidence, it follows that the same must be discharged, as improvidently awarded, and the case dismissed.

*Dismissed.*

KENNA, JUDGE, concurring:

I am in accord with the Court's decision in this matter, but not with the mental process by which that decision was reached. I do not believe that this opinion can logically be reconciled with that in *State v. Wooldridge,* 129 W. Va. 448, 40 S. E. 2d 899, nor in principle distinguished therefrom in the manner that the Court has undertaken. As I specifically point out in my dissent in the *Wooldridge* case, this Court held in *State v. Tate,* 125 W. Va. 38, 22 S. E. 2d 868, that the absence of an order making a bill of exceptions part of the record could not be cured by an order *nunc pro tunc.* See to the same effect the Virginia case of *Ratliff v. Meadows, et al.,* 116 Va. 975, 83 S. E. 395. Yet, if I understand the opinion correctly, without considering that holding in the *Tate* case, the Court is now saying, in effect, that the difference between this case and the *Wooldridge* case is that in that case there was a proper order *nunc pro tunc,* while here there is none. I am of the opinion that in the perfecting of bills of exceptions time is of the essence, and an order *nunc pro tunc* should have no place. To make them usable in determining the jurisdiction of the trial court for the purpose of settling bills of exceptions is going to disturb a well established practice, and cloak the ending of actions at

law with an uncertainty that could easily be avoided. I have stated my position in more detail, reviewing the West Virginia cases, in the dissent in the *Wooldridge* case. See also *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7.