STATE OF WEST VIRGINIA

*v.*

PAUL LEADMON

(No. 9976)

Submitted February 3, 1948. Decided March 30, 1948.

HAYMOND and FOX, JUDGES, dissenting.

*Salisbury, Hackney & Lopinsky, D. L. Salisbury, Lon G. Marks,* and *Dennis R. Knapp,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *Virginia Mae Brown,* Law Clerk and Special Assistant Attorney General, for defendant in error.

KENNA, JUDGE:

On March 11, 1947, Paul Leadmon, in the Circuit Court of Putnam County, was convicted of involuntary manslaughter and moved the court in arrest of judgment and to set aside the verdict. He had been indicted, together with one Bertise Arawana Gould, for the murder of Louise Leadmon, his then wife, and had elected to be tried separately. On the following day his motions in arrest of judgment and to set aside the verdict were overruled and he was sentenced to the Putnam County jail for a term of twelve months and fined $250.00. The term of the Circuit Court of Putnam County at which the sentence was pronounced adjourned on the 14th day of March, 1947. Leadmon's petition for a writ of error was granted by this Court on the 12th day of July, 1947, and the State now moves to dismiss as improvidently awarded, because the plaintiff in error has failed to comply with the provisions of Code, 56-6-35, governing a bill of exceptions, or the provisions of Code, 56-6-36, governing a certificate in lieu of a bill of exceptions, the sections cited respectively requiring that either a bill of exceptions or a certificate in lieu of a bill of exceptions be signed by the judge who presided at the trial within sixty days of the adjournment of the term at which the final judgment was entered or within an extension of the sixty day period shown by an order entered of record.

The accused was sentenced on the 12th day of March and upon his motion was granted a stay of execution for sixty days, the accused being placed under bond in the sum of $5,000.00. The motion did not include an extension of time for the preparation and signing of either a bill of exceptions or a certificate in lieu thereof, thus leaving the statutory period of sixty days from the adjournment of the term to expire May 13, 1947.

On May 6 a vacation order was entered extending for a period of thirty days *"the suspension heretofore granted in the above styled case"*. (Italics supplied.)

On the 9th day of June, 1947, another vacation order was entered granting the motion of the accused "that the suspension heretofore granted in the above styled case be extended for a period of thirty days from June 12, 1947".

On the same day, that is, the 9th day of June, 1947, a vacation order was entered making a bill of exceptions a part of the record.

It will be observed that none of the extensions which the court granted the accused related to the time provided by statute for signing either bills of exceptions or a certificate in lieu thereof. They all plainly related to a stay of execution, which was the only "suspension heretofore granted". The period for obtaining the signature of the judge to either paper expired in this matter on the 13th day of May, 1947. The bill of exceptions was signed on the 9th day of June, 1947.

It is true that on the 5th day of May, 1947, a reporter certified the correctness of the transcript and that the judge who had presided at the trial did likewise on the same day. This however, is not a certification in lieu of the bill of exceptions under Code, 56-6-36, but is the certification required to be made by the trial judge under the provisions of Code, 51-7-4. The fact that counsel for the accused did not regard nor intend the certification on May 5 as being the certification required under Code, 56-6-36, to make a transcript of the evidence a part of the record is demonstrated beyond peradventure by the

fact that after May 5 counsel applied for and obtained two further extensions and did not present their bill of exceptions until June 9.

This Court has held in the case of *State* v. *Consumers' Gas & Oil Co., et al.,* 130 W. Va. 755, 45 S. E. 2d 923, quoting the syllabus:

> "An order of a trial court, in a law action, based upon the motion of an aggrieved litigant, for a stay of the execution of a judgment against him, which motion is sustained, and such stay granted, 'in order that petitioner (litigant) may perfect its appeal', will not be construed as extending the time within which such litigant may secure the signing of a bill of exceptions, or, in lieu thereof, a certificate of the evidence, under the provisions of Code, 56-6-35, 36."

We are confronted with similar facts in this matter. True, this is a criminal case but there is no difference in the required method of procedure. The accused was granted by statute sixty days after the adjournment of the term within which to have either a bill of exceptions or a certificate in lieu thereof signed by the trial judge. He did not do so. Neither did he procure an extension of the sixty days allowed. After the end of that sixty day period, in the absence of an extension thereof, the power of the trial judge was at an end so that when the bill of exceptions or a paper to be treated as a certification was signed on June 9, 1947, its signing was without effect.

What is referred to as State's Instruction 3 and to the definition of involuntary manslaughter as contained therein is particularly under attack in the brief filed by the plaintiffs in error. This instruction, along with others, is attempted to be made part of the record by the vacation order entered below on June 9, 1947. We have already stated the reason for not regarding the instruction, so called, as a part of the record as a result of that order. Neither can it be regarded as a part of the record under Code, 56-6-20. That section provides that "every instruction or charge in writing" with a notation thereon showing the action of the court over the signature of the judge

shall be made part of the record without the formality of a bill of exceptions or certificate. The instruction under consideration was, with the consent of counsel for the State and for the accused, an oral instruction. It was not reduced to writing so that there could be a notation in compliance with the provisions of Code, 56-6-20. In the absence of a statutory provision dispensing with the necessity or rule of like import, instructions are required to be made a part of the record by a bill of exceptions or certificate in lieu thereof. Here the only evidence of the delivery of State's Instruction 3 is the transcript of the notes of the court reporter. They are not a part of the record now before this Court so that the assignments of error which relate to that instruction cannot be considered.

For the foregoing reasons the motion of the State to dismiss this writ of error as improvidently awarded is sustained and it is so ordered.

*Writ dismissed.*

HAYMOND, JUDGE, dissenting:

The syllabus contains a correct statement of law, and I agree with the view of the majority that the grant by the trial court of a stay of execution of its final judgment is not an extension of the time within which a defendant in a criminal case may secure the signing of bills of exceptions, or, in lieu of such bills, a certificate of the evidence under the provisions of Code, 56-6-35 and 36. *State v. Consumers' Gas and Oil Company,* 130 W. Va. 755, 45 S. E. 2d 923. I also agree that, if the transcript of the evidence in this case is not properly certified as part of the record, the assignments of error of the defendant which relate to an instruction, designated as State's Instruction No. 3, can not be considered.

The vital question on this motion, however, is whether the certificate of the trial judge, signed on May 5, 1947, within sixty days from the adjournment of the term of court at which the final judgment of March 12, 1947, was entered, is a certificate in lieu of a bill of exceptions

under the provisions of Code, 56-6-36. The majority holds that it is not. I believe that it is. For that reason I can not agree to the decision which denies to the defendant a review of his conviction and sentence which the transcript before this Court, if it could be properly considered as the record of the proceedings upon the trial, indicates were based upon insufficient evidence of his guilt and that an erroneous instruction was submitted to the jury by the trial judge.

In considering whether the certificate signed by the judge of the trial court is a mere reporter's certificate of a transcript of the evidence, as the majority holds, or is, in fact and in law, a certificate in lieu of a bill of exceptions under Code, 56-6-36, it is not material that counsel for the defendant initially failed to regard it as such when endeavoring to obtain extensions of time in which to prepare and have certified bills of exceptions. If, in fact, the certificate of May 5, 1947, was sufficient, the defendant is entitled to exercise the right which it preserved to him with respect to an appellate review of the final judgment whether that fact was then realized or appreciated by anyone connected with the case. Neither does the designation in the caption of the certificate "Defendant's Bill of Exceptions No. 1" make what is, in reality, a certificate, a bill of exceptions. This is manifest from the examples of wrong designations, which have been disregarded in particular cases, mentioned by Judge Rose in his dissenting opinion in the case of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7, with whose views respecting the requirements of the statute dealing with a certificate in lieu of a bill of exceptions, as there expressed, I am in substantial agreement. Courts should always consider substance and reality, and never indulge in fancy or speculation, especially when the determination of legal rights involving the freedom of a citizen is at stake. A rose though called by any other name is still, in truth, a rose.

The certificate signed in this case by the trial judge on May 5, 1947, which is immediately preceded by a certificate of the reporter, is as follows:

"I, John W. Hereford, Judge of the Circuit Court of Putnam County, West Virginia, do hereby certify that the foregoing transcript in the case of State of West Virginia vs. Paul Leadmon, Defendant, contains all the evidence and testimony introduced or reported, all of the instructions requested to be given to the jury, and all the proceedings reported, on the trial of this cause.

"Teste:

"This 5th day of May, 1947.

"JOHN W. HEREFORD,
Judge."

It is difficult to imagine, and impossible for me to understand, what the foregoing certificate refers to or embraces if it is not the acts and the proceedings upon the trial which are sought to be noted and made a part of the record by the certificate. It expressly mentions all the evidence and testimony introduced or reported, all the instructions requested, and all the proceedings reported, on the trial of the case. The transcript shows the rulings of the court upon the evidence and its action in giving and refusing each instruction offered. The object of a certificate in lieu of a bill of exceptions is identical with that of a bill of exceptions. The purpose of such a bill is to exhibit on the record the supposed errors of the trial court which do not appear on the record and can not otherwise be brought before an appellate court for review and correction. *Collar* v. *McMillan,* 107 W. Va. 645, 150 S. E. 2; *Hinton Milling Company* v. *New River Milling Company,* 78 W. Va. 314, 88 S. E. 1079; *Seibright* v. *The State,* 2 W. Va. 591.

The statute, Code, 56-6-36, deals with a certificate of all the evidence and proceedings reported, upon the trial of a case, for the purpose of a review by an appellate court of any action by the trial court during the trial which may be necessary for a decision upon appeal or writ of error of any question involved in such review. That statute provides the form of the certificate of the evidence and the proceedings to be inserted or appended at the end

of the transcript of the reporter. The form incorporated in the statute is:

"The foregoing transcript contains all the evidence and testimony introduced or reported, and all the proceedings reported, on the trial of this cause."

At the end of the above quotation, and following the word "Teste", the form concludes by providing spaces for the date and the signature of the trial judge.

By comparing the certificate signed by the Judge of the Circuit Court on May 5, 1947, with the quoted statutory form, it will be seen that the two are almost identical, word for word, except that the former contains the added reference to the instructions. The certificate of May 5, 1947, uses the exact language of the statute. Anything more that could, or should, be done, than was done, to comply with the requirement of the statute as to the form of the certificate, does not appear, or is not suggested, in the majority opinion.

The pertinent parts of Section 36, Article 6, Chapter 56, Code, 1931, are couched in these terms:

"In lieu of the bill of exceptions provided by the preceding section [35], it shall be sufficient that any matter intended to become a part of the record in any case shall be certified as provided in the following provisions of this section:

"(a) Certificate of all the evidence and proceedings reported.—Whenever, for any purposes of a review by any appellate court of any action, ruling, order, judgment or matter arising in the court of the trial or hearing of a cause, a consideration of the evidence or any part thereof, or of any other matter properly appearing in the transcript of the stenographic notes prepared by the stenographic reporter who took notes of the evidence and proceedings, may be necessary for a decision upon an appeal or writ of error of any question involved in such review, and any party seeking to bring matters into the record shall desire that all the evidence and proceedings so noted by such reporter shall become a part of the

record, the trial judge shall, if in his opinion such transcript be a true report of the evidence and proceedings, certify, over his signature, such transcript or a copy thereof.

"* * *

"(d) Effect of certification in accordance with this section.—In all cases, in order to preserve of record to all intents and purposes any exception to any action, ruling, order or judgment of the trial court, or any matter arising in the course of the trial or hearing of a cause, it shall be sufficient that the trial judge, on the application of any party, shall certify the same simply and substantially in accordance with the provisions of this section."

The section referred to in the last quotation is the section which contains the form of certificate quoted earlier in this dissent. To me it seems crystal clear that the defendant has fully satisfied the requirements of the foregoing provisions of the statute in obtaining the certificate signed by the circuit judge on May 5, 1947, and that it makes the matters which it expressly mentions, which are "all the evidence and testimony introduced or reported, all of the instructions requested to be given to the jury, and all the proceedings reported, on the trial of the cause", a part of the record in this case.

It may be urged that, even if the certificate of the trial judge, dated May 5, 1947, be regarded as a certificate in lieu of a bill of exceptions and not a bill of exceptions, a view which the majority opinion does not discuss or recognize, it is insufficient to make the evidence and the proceedings upon the trial of the case a part of the record for review by this Court without the entry of an order of record by the trial court. Any such contention, however, is devoid of merit. It is well settled, by the decisions of this Court, that in order to certify properly a bill of exceptions an order to that effect must be entered of record by the court in which the case is tried. *Phelps* v. *Smith,* 16 W. Va. 522; *Jones* v. *Harmer,* 60 W. Va. 479, 55 S. E. 657; *Oil Producers Mfg. & Supply Co.* v. *Irwin,* 64 W. Va. 55, 60 S. E. 990; *DeFrosia* v. *Norfolk & Western*

*Railway Co.*, 68 W. Va. 136, 69 S. E. 1008; *Miller* v. *Starcher*, 86 W. Va. 90, 102 S. E. 809; *Hall* v. *Shelton*, 93 W. Va. 592, 116 S. E. 12; *Monongahela Railway Co.* v. *Wilson*, 122 W. Va. 467, 10 S. E. 2d 795. The statute governing bills of exceptions, Code, 56-6-35, contains the provision that a bill of exceptions "shall be made a part of the record in the case", and this language has been held to make the entry of an order certifying the bill mandatory.

The section, Code, 56-6-36, which deals with the certificate in lieu of a bill of exceptions, however, is a new section, first embodied in the law of this State by the Code of 1931, and it provides an independent alternative method of making exceptions a part of the record. That section contains no provision similar to that just quoted which appears in Section 35. The object of Section 36 was to establish a simpler method of making exceptions a part of the record than that provided by formal bills of exceptions and, at the same time, not to abolish the procedure required by Section 35, but to leave it in full force and effect for those who desire to follow it. See Revisers' note to Code, 56-6-36. The section was modeled after a similar provision in the Code of Virginia, and the procedure which it prescribes and authorizes is wholly independent of Section 35 and is complete in itself. In applying the Virginia statute, the Supreme Court of Appeals of that State has said that the purpose of the statute is to simplify the procedure, and that its provisions are very liberal as to what constitutes a sufficient certificate. *Ellis* v. *Town of Covington*, 122 Va. 821, 94 S. E. 154.

If the Legislature of this State, in creating this new and alternative method of making exceptions a part of the record, had intended to require the entry of an order of record by the trial court, it could, and presumably it would, have so declared by the use of appropriate language. Its failure so to do, and instead, its provision of the forms of certificate, its use of the expressions "it shall be sufficient that any matter intended to become a part of the record in any case shall be certified as in the following provisions of this section", and "in all cases * * * it shall be sufficient that the trial judge, on the applica-

tion of any party, shall certify the same simply and substantially in accordance with the provisions of this section", and the absence of any requirement other than the use of the form of certificate provided in the section, in my opinion, indicate clearly that no such order was intended or is required. The well recognized rule of interpretation of written instruments, including statutes, that the expression of one thing implies the exclusion of another, *expressio unius est exclusio alterius*, lends added support to the view that no order need be entered of record when a certificate is used in lieu of a bill of exceptions.

Another statutory provision, Section 4, Article 7, Chapter 51, Code, 1931, employs this language: "A transcript of such testimony or proceedings, when certified by the official reporter and by the judge of the Court, shall be authentic for all purposes; and shall be used by the parties to the cause in any further proceeding therein wherein the use of the same may be required. It may be used, without further authentication, in making up the record on appeal, as provided in sections thirty-six and thirty-seven, article six, chapter fifty-six of this Code; * * * ". The quoted provision refers specifically to Section 36, which deals with the certificate in lieu of bills of exceptions, but it makes no mention of Section 35 which provides the procedure in the use of bills of exceptions. Whatever may be the full scope and effect of the provision just quoted, and for the present purpose that need not be considered or discussed, it can not be seriously or successfully contended that it operates to destroy the force and the effect of the use of the form of the certificate provided by Section 36, or that it requires the use of that certificate more than once in connection with the certification of the transcript under the provisions of Section 36.

I emphatically disagree with the general and, I think, entirely unsupported statement of the majority, that the certificate of the trial judge of May 5, 1947, is "not a certification in lieu of the bills of exceptions under Code, 56-6-36, but is the certification required to be made by the trial judge under the provisions of Code, 51-7-4." This

statement is not sustained by any valid reason or by any citation of authority. It runs counter to the plain purpose and effect of express provisions of Section 36, Article 6, Chapter 56, of the Code of 1931. Its only support is the assertion, in substance, that counsel for the accused did not regard or intend the certificate of May 5, 1947, as a certificate under Code, 56-6-36, because they subsequently obtained two additional extensions of the stay of execution with respect to bills of exceptions. In other words, the gist of the assertion is that counsel for the defendant were mistaken as to the legal effect of the certificate. Obviously, the view entertained by counsel, if the view thus attributed to them was actually their view, could not have the effect of rendering a sufficient existing certificate insufficient, or of depriving the defendant of the right to review secured to him by Section 36, with the requirements of which he had, in fact, fully complied. It is clear to me that the certificate dated May 5, 1947, being in the exact form provided by Section 36, satisfies the requirements of that section and that it is sufficient to make the transcript of the evidence and proceedings in this case a part of the record for the purpose of enabling this Court to review on writ of error the questions which the record presents.

I disagree with the conclusion of the majority to dismiss this writ of error and, by so doing, deny the defendant a review of the case for still another reason. Though the statutory requirements with respect to certifying a record for review by an appellate court of the judgment of a trial court are jurisdictional and, unless substantially complied with, such review may not be had, the provisions of the statutes which establish the methods of certifying the record are procedural. Their purpose is remedial and their provisions should be liberally construed. See *Wilder* v. *Charleston Transit Company*, 120 W. Va. 319, 197 S. E. 814; *State* v. *Wooldridge*, 129 W. Va. 448, 40 S. E. 2d 899. In such circumstances, the policy of the law is not offended, but is, in truth, promoted, by liberal rather than by strict construction. In *State* v. *Berle*, 117 W. Va. 825, 188 S. E. 481, this Court had no difficulty or

hesitation in making liberal application of the statute, Code, 56-6-36, to a certificate which, though presented to the trial judge for signature within the sixty day period, was not, because of conditions beyond his power to control, actually signed by him until after its expiration, and held that the certificate was effective from the date of its presentation for signature.

No harm can possibly result from an application of the statute which permits a review of a judgment of conviction in a criminal case, or a judgment in any other case. On this subject this Court, in *State* v. *Wooldridge,* 129 W. Va. 448, 40 S. E. 2d 899, used this pertinent language: "The State must be considered as being willing, even anxious, to accord to one of its citizens the right to test the legality of his conviction, in any court having jurisdiction to pass on the same, without applying too strict a rule as to purely procedural matters." The holding of the majority in the case at bar, in my judgment, amounts to a refusal now by this Court to accord that consideration for the right of a defendant to an appellate review of his conviction which, in the *Wooldridge* case, is attributed to the State and assumed that the State would recognize and respect.

One fair trial and one complete review of the final judgment of the trial court are, and should be, the recognized and fully protected right of every litigant. That right, in every case, should be jealously guarded and not summarily denied on any technical ground. If upon a review the contentions of the one who seeks it are found to be without merit, the judgment should and will be affirmed. In that way the law is vindicated and justice is administered according to law. The refusal of a review, through mistake or because of a technicality, is neither vindication of law nor administration of justice, the latter of which is a primary object of the law and a principal reason for its necessary and continued existence. Such refusal can result only in injustice to the person whose rights are disregarded and in lack of respect in the public for all law.

For the reasons stated, and upon the authority of the applicable statutory provisions which I have quoted, I would not dismiss this writ of error; and, as I think the record is properly before this Court for review, I would consider and determine the merits of the questions which fairly arise.

I am authorized to say that Judge Fox concurs in this dissent.